MOORE v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant*.

1. **Verdict**: PRACTICE IN THE SUPREME COURT. This court will not reverse a judgment for insufficiency of evidence, unless it can say that the evidence does not tend to establish the facts found by the jury.

2. **Instructions**: EXACTNESS REQUIRED IN FRAMING THEM. The facts necessary to authorize recovery need not be stated with the same exactness in instructions as in pleadings. If an instruction be so drawn as to predicate the right of recovery upon a portion only of the facts constituting the cause of action, it will, nevertheless, be held sufficient, if, in view of all the evidence, the court can say that the other essential facts necessarily follow in case those supposed be found.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*T. J. Portis* and *E. A. Andrews* for appellant.

*Shelley, Southern & Shelley* for respondent.

HENRY, J.—This is an action under the 43rd section of the railroad act to recover damages for a mare killed by a train of defendant's cars. Plaintiff had judgment, from which defendant appealed, and the only questions which we are asked to pass upon are: First, Was there any evidence tending to prove that the mare was killed on defendant's road by a train of passing cars? Second, Was there error in the instructions given for plaintiff?

There was no direct evidence that the animal was killed by being run over or against by a train of defend-

1. VERDICT: practice in the supreme court. ant's cars, but there was evidence to the effect that she and other horses were seen on the defendant's track on the night of May 16th, and that she was found dead the next morning in a deep stone culvert on defendant's right of way with some scratches or cuts on her hind legs, and "that there were horse tracks just above the mouth of the culvert coming slanting from the road two or three feet." While it must be admitted that the evidence is not calculated to produce absolute conviction that the mare was killed by a train of cars, and although, if passing upon it as jurors, we should have been inclined to find a different verdict from that returned by the jury, we cannot say that the evidence did not tend to establish the facts found, or was wholly insufficient to support the verdict. It is not our province to reverse a judgment because the weight of evidence in our opinion is against the verdict.

The instructions complained of told the jury in effect that if the mare got upon the track at a place where the 2. INSTRUCTIONS: exactness required in framing them. company was bound to fence and had failed to do so, and was killed while on the track by a train of defendant's cars, they should find for plaintiff; and it is contended that it was erroneous in not requiring the jury also to find that the animal got upon the track and was injured by the failure to construct or maintain such fence. *Luckie v. C. & A. R. R. Co.*, 67 Mo. 245; *Cunningham v. H. & St. Jo. R. R. Co.*, 70 Mo. 202, are cited in support of that view. In each of these cases the question was as to the sufficiency of the statement of the cause of action, in neither of which was it alleged that the stock got upon the track and was injured in consequence of the failure to construct and maintain a fence as required by the statute. The same accuracy and exactness required in pleading are not required in instructions. The facts upon which plaintiff's right to recover is predicated in the instructions are, that the mare got on the track at a place where it was not fenced as required, and while

on the track was killed by a train of defendant's cars passing over the track. These facts substantially embrace the fact that she got upon the track and was injured by reason of the failure of the company to fence the road. In his petition plaintiff is not allowed to state the evidence of the facts which constitute his cause of action, but the conclusions from the evidence—the facts which the evidence establishes. Not so in an instruction. If the jury found the facts stated in the instructions, the other fact which defendant insists they should have been required to find was necessarily implied from those facts in the absence of any evidence whatever that she did not get upon the track by reason of the failure to fence. Instructions are to be considered with reference to all the evidence in the case. Nothing would have been gained by defendant if what he asked had been inserted in the instructions; for no court or jury would hesitate for a moment, if the facts required to be found by the instructions were found, then to infer the other facts from them, if, as here, there was no evidence to the contrary. The inference is so natural and irresistible that no injury could have resulted to defendant from the omission he complains of. The judgment is affirmed. All concur.