EDWARDS v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, *Appellant*.

1. **Railroads**: DOUBLE DAMAGES FOR KILLING CATTLE: PLEADING: JEOFAILS. In an action for double damages for killing plaintiff's cow, (R. S. 1879, ¿ 809,) the complaint alleged that the cow did, without the fault of plaintiff, stray upon the track of defendant's railroad at a point on the same, where it ran through and along cultivated lands and where it was not sufficiently or lawfully fenced and guarded by cattle-guards, and where there was no public crossing. *Held*, that while it was not expressly alleged that the cow got upon the track by reason of the failure to fence, the averments made at least warranted the inference that such was the fact. The complaint, therefore, though defective, did not entirely fail to state a cause of action; and evidence having been given of the fact so imperfectly alleged, *Held*, that after verdict the defect was cured.

2. ———: CATTLE-GUARDS. Where fences running alongside the track, and cattle-guards in the track, are required to prevent cattle from getting on the road-bed, cross-fences are necessary parts of such cattle-guards, in order to make the enclosure effectual.

*Appeal from Atchison Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*Strong & Mosman* for appellant.

The petition is fatally defective, and cannot support the judgment. *Parish v. M., K. & T. R. R. Co.*, 63 Mo. 284; *Aylesworth v. Chicago, etc., R. R. Co.*, 30 Iowa 459; *Cecil v. Pacific R. R. Co.*, 47 Mo. 246; *Witthouse v. Pacific R. R. Co.*, 64 Mo. 523; *Luckie v. R. R. Co.*, 67 Mo. 245; *Davis v. R. R. Co.*, 65 Mo. 441; 70 Mo. 202.

*W. W. Ramsay* with *L. D. Ramsay* for respondent.

HOUGH, J.—This was an action originally instituted before a justice of the peace under section 809 of the Revised Statutes, to recover double the value of a cow belonging to the plaintiff, which it was alleged had been fatally injured by the engine and cars of the defendant. It appears from the record that at the point where the cow was killed the defendant's road runs north and south through inclosed and cultivated fields, and that the fences running parallel with the road and separating said inclosures from the right of way of the defendant, were in good condition; that the north line of said inclosures on both sides of the railroad, adjoined the southern boundary of the town of Pickering and the open depot grounds of the defendant lying within the limits of said town. At the point where the southern boundary line of said town and said depot grounds crosses the railroad track, a cattle-guard had been constructed in the track of defendant, and fences had been erected at right angles with the road, and on either side thereof, extending from said cattle-guard to the fences separating the inclosures from the right of way. It is admitted by the defendant that the cow got upon its track by going over one of the cross-fences connecting the cattle-guard with the side fences at a point where said cross-fence was only two feet high, and that said cow was struck by one of its trains. The testimony tended to show that the cross-fences could not be made more than two feet high at

the point of junction with the cattle-guard in the track, without interfering with the passage of trains. The evidence also tended to show that other cattle passed over the cross-fences on to the defendant's right of way, and that the plaintiff's cow was breachy. One witness testified that the cow was in a dying condition when he saw her, and the station agent of the defendant, in his evidence, spoke of the cow as having been killed. The plaintiff swore she was worth $35, although he gave less than that sum for her.

The court, of its own motion, gave the following instructions :

1. If the jury believe from the evidence the plaintiff's cow got upon the railroad in consequence of the failure of the company to construct and maintain a sufficient fence connecting with a cattle-guard at the depot grounds, south of Pickering, in Union township, Nodaway county, and was struck and injured by the train, you should find for plaintiff the value of the cow so struck and injured.

2. What is meant by a sufficient fence in this instruction is, one made in the usual manner, and which is sufficient, and will turn ordinary stock, cattle and horses which are not breachy ; and if you find that the fence was not sufficient to turn such stock, the fact that plaintiff's cow may have been breachy would not prevent plaintiff from recovering, if she got upon the road in consequence of the insufficiency of the fence.

3. If the jury believe from the evidence that the railroad was fenced on both sides of the road, where the injury complained of happened to plaintiff's cow, and until it reached the necessary depot grounds, and that where the fence terminated at said depot grounds, there was a cattle-guard constructed in the usual way and manner of constructing cattle-guards on railroads, and such as is usually found to be sufficient to prevent horses and cattle from getting on the railroad track, inside its fences, and you find from the evidence that the cow was a breachy ani-

mal, and jumped the fence or cattle-guard, and went upon the road and was killed, you should find for defendant.

4. If the cross-fences from the fences on the sides of the road to the railroad track at the cattle-guard, were constructed and joined to the road in the usual way, and in as good shape as they could be made, without interfering with passing trains, this is all the company is required to do. It is not bound to make a fence or cattle-guard that will absolutely prevent all stock from getting upon the road. If the jury believe from the evidence that the cow was breachy, and in consequence thereof jumped the fence or cattle-guard which was sufficient to turn stock not breachy or unruly, and was killed on the road by the cars, the company is not liable.

5. If plaintiff's cow was a breachy cow, and was suffered to run at large, and in order to pasture on the company's right of way, jumped over the fence at the cattle-guard and was killed by the train, plaintiff must bear the loss, unless the fence was insufficient, as mentioned in other instructions, to turn cattle which were not breachy.

The following instructions, asked by the defendant, were refused by the court:

1. The court instructs the jury that defendant was not bound to provide fences and cattle-guards suitable and sufficient to turn all kinds of animals, but only such fences and cattle-guards as were suitable and sufficient to turn ordinary stock, which were not breachy or unruly; and if the jury find from the evidence that said fences and cattle-guards were sufficient to turn ordinary stock, that were not breachy, they will find for defendant.

2. If the jury believe from the evidence that plaintiff's cow got over the fence erected by defendant, between the fences on the sides of its railroad and the cattle-guard, at a point where said fence joined to or connected with said cattle-guard, then the court instructs them that defendant was only bound to construct its fences at such point where they joined said guards, as high as the practical

operations of said road and the passage of trains over its track would permit without interfering with such trains in passing, and if they find from the evidence that such fence, at the point where it joined the cattle-guard, was constructed as high as it could be built without interfering with the passage of trains over the track, they will find for defendant.

3. If the jury believe from the evidence that the defect or insufficiency in the fences erected by defendant, of which plaintiff complains, was in the fences which were constructed at right angles with defendant's track, running from the cattle-guard to the fences on either side of the track, and that said defect or insufficiency complained of, consisted in the fact that such fences, at the point where they were joined to the cattle-guards, were only about two feet and a half in height, and that in consequence of said fence at said point being only of said height, plaintiff's cow got over said fence at said point, went onto defendant's track and was killed or injured, then they will find for defendant.

At the request of defendant, the court gave the following instructions : 4. The negligence on which plaintiff bases his action herein, is the failure of defendant to build fences and cattle-guards, and the jury are directed to disregard all evidence, if any, of negligence in any other particular.

5. In this case, it makes no difference whether the railroad track north of the cattle-guards was inclosed with a fence or not. There was a verdict and judgment for the plaintiff.

The defendant insists that the complaint is insufficient to support the judgment, because it does not allege that
**1. RAILROADS: double damages for killing cattle: pleading: jeofails.** the injury was occasioned by reason of the failure of the defendant to erect and maintain fences and cattle-guards. The complaint alleges that " said cow did, without the fault of plaintiff, stray upon the track of said railroad, at a point on the

same where it, the said railroad, runs through and along cultivated lands and   *   *   where said road was not sufficiently or lawfully fenced or guarded by cattle-guards, and where there was no public crossing on said road." There is no express allegation that the cow got upon the track in consequence of the failure of the defendant to erect or maintain fences and cattle-guards, as required by the statute; but we think the averments quoted, if not equivalent to such an allegation, will at least warrant an inference that the cow got upon the track by reason of the failure to fence. The case presented is not one of an entire failure to state a cause of action, as in *Cunningham v. R. R. Co.*, 70 Mo. 202, and *Sloan v. R. R. Co.*, ante, p. 47, and in which cases the complaint could not, therefore, be amended on appeal in the circuit court, but the case is one where the cause of action is defectively stated, and such defective statement is good after verdict, evidence having been given in support of it which cured the defect.

At the point where the cattle-guard in question was constructed in the track, it was undoubtedly the duty of the defendant to construct a cross-fence, or other barrier extending from the track to the fences on the sides of the road, "sufficient to prevent horses, cattle, mules and all other animals from getting on the railroad," otherwise the fences along the sides of the road and the opening in the track to prevent cattle from walking along the road-bed, would be wholly unavailing. Such cross-fences, or other barriers, may very properly be considered as necessary parts of the cattle-guard.

2. ——: cattle-guards.

The first and second instructions asked by the defendant, and refused by the court, were substantially given by the court in other instructions, and the third instruction refused by the court was not the law. We are of opinion that the case was fairly submitted to the jury under the instructions given, and the judgment of the circuit court will, therefore, be affirmed. The other judges concur.