WILLIAMS v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroads**: DAMAGES FOR KILLING STOCK: PRIMA FACIE CASE. In an action against a railroad company under the statute, (R. S. 1879, ? 809,) to recover damages for killing plaintiff's mule, it was held that plaintiff made out a *prima facie* case that the failure to fence its road occasioned the injury, by proof that the railroad passed through the inclosed lands of the plaintiff, that the defendant had failed to erect and maintain such a fence as the law requires along the side of such portion of its road, and that plaintiff's mule strayed upon the track for want of such fence, and was run over and killed by defendant's engine and cars.

2. ——: CONTRIBUTORY NEGLIGENCE. In such an action it appeared that plaintiff had a feed lot separated on the one side from his pasture by a sufficient division fence, and on the other from the railroad track by an insufficient fence; that plaintiff turned his mule into the pasture; that during the night the division fence was blown down by a violent wind and the mule escaped into the feed lot and thence to the railroad track, where he was killed. *Held,* that these facts did not sustain a charge of contributory negligence on plaintiff's part.

3. ——: ——: INSTRUCTIONS. In such an action an instruction is not necessarily objectionable because it fails to state in express language that to justify a finding for plaintiff, the jury must believe that a failure to fence occasioned the injury.

4. ——: ——: PETITION. The petition, in such an action, is not

necessarily defective for the want of an express allegation that the failure to erect and maintain a sufficient fence along the side of its road occasioned the injury, where the language used in stating the cause of the injury was equivalent to such allegation.

*Appeal from Pettis Circuit Court.*—HON. WILLIAM T. WOOD, Judge.

AFFIRMED.

*Thos. J. Portis* and *E. A. Andrews* for appellant.

Under the statute, a failure to fence its road does not create an absolute liability against the railroad company. It is only when such failure to fence has " occasioned " or caused the damage. This fact is jurisdictional. It must be alleged in the complaint, and there must be some evidence tending to prove it. *Holman v. R. R. Co.*, 62 Mo. 562. It must be the sole cause, for if the owner in any degree contributes to the injury, he cannot recover. *Curry v. Railway Co.*, 43 Wis. 665, 673. The instruction given at plaintiff's request is erroneous. It omits the vital question: Did the insufficient railroad fence " occasion " or cause the injury, or was it caused by the blowing down of plaintiff's division fence ? If caused by the latter, the defendant is certainly not liable. In other words, the instruction is bad, because it directs the jury to find for plaintiff if defendant's fence is not a lawful one, no matter what " occasioned" or caused the injury. An absolute liability where there is not a lawful fence !

*W. L. Felix* and *C. A. Winslow* for respondent.

The case is not reversible for informality in the instruction. *Moore v. Pacific R'y Co.*, 73 Mo. 438.

NORTON, J.—This action was instituted in the circuit court of Pettis county to recover double damages for injuring plaintiff's mule by defendant's engine and cars, it being alleged that said mule had strayed upon defendant's

road at a point where the said road was not fenced as required by law, and was crippled so as to be valueless. Defendant's answer is a general denial, and also sets up contributory negligence. Upon the trial plaintiff had judgment for $300, from which the defendant has appealed.

At the close of plaintiff's evidence defendant demurred thereto, which was overruled, and this action of the court 1. RAILROADS: is assigned as one of the grounds of error. damages for kill- The demurrer to the evidence was properly ing stock: prima overruled. It clearly established the fact that defendant's road passed through the inclosed lands of plaintiff, and that on the side of its said road the defendant had failed to erect and maintain such a fence as by law it was required to do; that plaintiff's mule strayed upon the track of the road for want of such fence, and was run against by defendant's engine and cars and so crippled as to be rendered wholly valueless; these facts clearly make out a *prima facie* case that the failure to fence occasioned the injury.

It appears from the evidence that plaintiff's barn and also a four acre lot adjoined the defendant's road, and that 2. ——: contrib- plaintiff also had a pasture of sixty acres beutory negligence. tween which and the said four acre lot there was a division fence; that plaintiff, the night preceding the injury to the mule, turned it into said pasture, and that during the night two panels of the plaintiff's fence dividing the said pasture and said four acre lot were blown down by a violent wind, that the said mule passed through the opening thus made into the four acre lot, and from thence it went on to the track of the road, the railroad fence being so out of repair that, in many places, it was not over three or three and a half feet high, and in many places so knocked down that a person could step over it, and that it had been in that condition for a long time. It is claimed that this state of facts showed contributory negligence which was the proximate cause of the injury. We cannot

perceive the ground on which this claim is based.   It certainly was not negligence for plaintiff to turn his mule into his sixty acre pasture, especially when separated by a sufficient fence from the four acre lot; nor can he be chargeable with negligence, because his mule passed through two panels of his own fence, which a storm had blown down the night the mule was turned into his pasture.   The four acre lot was used by plaintiff for a feed lot, and had he seen fit to remove entirely the fence dividing this lot from his pasture, he might have done so without subjecting himself to the charge of contributory negligence.

Upon the above state of facts the court instructed the jury in substance that, if they believed plaintiff's mule

3. ____: ____: strayed on defendant's road at a point where
instructions.        it ran through, along or adjoining the inclosed or cultivated land of plaintiff, and that at said point said railroad did not have a good and substantial fence at least five feet high, and that said mule was injured by defendant's engine and cars, they would find for the plaintiff. This instruction is objected to on the ground that the court failed in it to direct the jury that they must believe the failure to fence " occasioned " the injury.   The precise question which this objection raises was before this court in the case of *Moore v. Missouri Pacific R'y Co.*, 73 Mo. 439, and it was expressly held that such an omission was not reversible error, distinguishing that case from the cases of *Luckie v. C. & A. R. R. Co.*, 67 Mo. 245, and *Cunningham v. H. & St. Jo. R. R. Co.*, 70 Mo. 202.   See also *Edwards v. K. C., St. Jo. & C. B. R. R. Co.*, *ante*, p. 117.

It is also objected that the petition does not state a cause of action in this, that it does not allege that the fail-

4. ____: ____: ure to erect and maintain a sufficient fence
petition.        along the side of the road " occasioned " the injury.   It is true the pleader did not use the word " occasioned," but it is also true that he did use words equivalent to it in alleging the cause of the injury.   It is alleged that the mule in question strayed upon the railroad at a

point where it ran along and through plaintiff's inclosed lands and at a place where said road was required to be fenced, but was not fenced with a good and substantial fence five feet high, and that defendant carelessly suffered the fence to be thrown down and remain down, * *

by reason of which negligence the said mule strayed on the track as aforesaid and was crippled and injured by the engine of defendant. The words here employed convey to the mind the idea that the failure to fence was the cause of the injury, as fully as if the word " occasioned " had been used. Judgment affirmed. in which all concur.

74 457
47a 416

74 457
133 110

74 457
149 381

74 457
f159 467

74 457
168 ²195