SCOTT v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

**Railroads**: KILLING STOCK: PLEADING. The fact that the petition in an action against a railroad company for killing stock closes with a prayer for double damages, will not prevent recovery of single damages if the petition states a cause of action either at common law or under the 5th section of the Damage Act, and there is nothing besides the prayer to show that plaintiff intends to claim under the 43rd section of the Railroad Law.

*Appeal from Jefferson Circuit Court.*—HON. L. F. DINNING, Judge.

AFFIRMED.

This was an action to recover damages for killing plaintiff's mare. The petition was as follows: "Plaintiff says that defendant is now and was, etc., a railroad company, etc., and that on the 1st day of June, 1877, an engine and train of cars attached thereto, while being run on said railroad of defendant, which engine and train of cars were also owned by defendant, and were being then and there run by defendant, its servants and agents and employes, at a point on said railroad in Joachim township, in Jefferson county, Missouri, where the said railroad was not inclosed on either side thereof by any fence, and at a point thereon where there was not a public crossing of said railroad, and not within any incorporated town or city, was, that is to say, said engine and train of cars were by gross carelessness of defendant, its agents, servants and employes, run against and over one mare, the property of plaintiff, which had strayed to and got upon the track of defendant's said railroad, which mare was of the value of $100, and was then and there killed by said engine and train of cars, and by which plaintiff has sustained damage in the sum of $100 and for double which, plaintiff asks judgment." The justice rendered judgment for plaintiff.

This judgment was by the circuit court affirmed, on motion of the plaintiff, for want of proper notice of appeal.

*Wm. R. Donaldson* and *Smith & Krauthoff* for appellant.

*Joseph J. Williams* for respondent.

SHERWOOD, C. J.—It is not contended by counsel for defendant, that the judgment of the justice was not rightfully affirmed, so far as concerns the mere practice relating to appeals from justices' courts.

We are to look, then, to the sufficiency of the statement filed with the justice. We are not prepared to say that it absolutely fails to state a cause of action, either at common law, or under the 5th section of the Damage Act. It is true, there is a prayer for double damages, but the 43rd section is nowhere mentioned in the statement, and the prayer should not be permitted to overthrow a statement otherwise sufficient. It is necessary, to a recovery under the 5th section aforesaid, that the point at which the accident occurs should not be "inclosed by a lawful fence," nor be " on the crossing of any public highway." An allegation of this kind appears in the statement, and one also charging gross carelessness on the part of defendant's servants in running the train, resulting in the killing of plaintiff's mare. We think, therefore, the statement a good one, at least so far as stating a cause of action is concerned, and it is too late, after a judgment of affirmance occurs in the circuit court, to object, because of mere formal defects. Holding these views, we affirm the judgment of the circuit court. All concur.