Bowen v. The Hannibal & St. Joseph Railroad Company, *Appellant.*

1.  **Railroad**: DOUBLE DAMAGES FOR KILLING STOCK: PLEADING. It is not essential to the sufficiency of the statement in an action against a railroad company to recover double damages for the killing of cattle, that it contain an express averment that the injury was occasioned by the failure of the company to erect and maintain fences as required by the statute. Any averment from which this may be inferred will be sufficient.

2.  **Instructions** are properly refused, however correctly they may declare the law, when there is no evidence tending to prove the facts upon which they are predicated.

*Appeal from Clinton Circuit Court.*—HON. GEORGE W. DUNN, Judge.

AFFIRMED

*G. W. Easley* for appellant.

HENRY, J.—This action was commenced before a justice of the peace, to recover double damages, under the statute, for a steer killed by a train of defendant's cars. The statement filed with the justice, alleged that: "The killing of the above described animal was done in the county of Clinton, Lafayette township, and State of Missouri; that the said defendant's fence was down, and in such condition as to allow animals to come and go inside of the inclosure at pleasure, contrary to the statutes of the State of Missouri, and by reason of such negligence of the defendant, and without any fault of the plaintiff, the said engine did strike and kill the plaintiff's steer, for which said plaintiff claims double damages, to the amount of $36, according to the statutes of the State of Missouri." Plaintiff had a judgment in the justice's court, from which defendant appealed to the circuit court of Clinton county, where plaintiff again had judgment, and from that judgment defendant has appealed to this court, and contends that the statement did not allege, nor the evidence show, that the injury was occasioned by the failure of the company to erect and maintain fences.

In the case of *Edwards v. K. C., St. Jo. & C. B. R. R. Co.*, 74 Mo. 117, the court observed: "There is no express allegation that the cow got upon the track in consequence of the failure of the defendant to erect and maintain fences and cattle-guards, as required by the statute, but we think the averment quoted, if not equivalent to such an allegation, will at least warrant an inference, that the cow got upon the track by reason of the failure to fence." The

*1. RAILROAD: double damages for killing stock: pleading.*

allegation in the statement in that case was that: "Said cow did, without the fault of plaintiff, stray upon the track of said railroad at a point on the same where it, the said railroad, ran through and along cultivated lands, and where said road was not sufficiently or lawfully fenced or guarded by cattle-guards, and where there was no public crossing on said road." That statement was held sufficient, and adhering to that decision, we hold the statement in this case sufficient.

The following instruction was asked by defendant and refused by the court: "Although the jury may believe 2. INSTRUCTIONS. from the evidence that the animal sued for was struck by the cars or engine of the defendant, inside of the defendant's fence, and that defendant's fence was in some places not a good substantial fence, four and a half feet high; yet, if they further believe that, at the point where said animal got upon the railroad inclosure, the defendant's fence was a good substantial fence, four and a half feet high, they will find for the defendant." This instruction correctly declared the law, but there was no evidence to warrant the court in giving it, in this case. The evidence is not preserved. All that appears in the bill of exceptions is that: "The plaintiff, to sustain the issues on his part, introduced evidence tending to show that the said animal sued for was killed, at a point on defendant's railroad, where it passed through uninclosed prairie lands, on one side, and an inclosed field on the other, and not at a crossing of a public highway, and that the railroad at said point was not inclosed by a lawful fence." The defendant to sustain the issues on its part, introduced evidence tending to prove "that said animal was killed at the crossing of a public highway." It will be observed that there was no evidence introduced tending to prove the facts upon which the refused instruction was predicated. All concurring, the judgment is affirmed.