TERRY v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroads**: KILLING STOCK: PLEADING. In an action under the 43rd section of the Railroad Law, (R. S., § 809,) it is not essential that the complaint shall allege that the failure to fence occasioned the injury.

   A complaint alleged that the animal, without any fault on the part of plaintiff, strayed upon defendant's track, and that it was struck and killed at a point where the railroad passed along, through and adjoining enclosed and cultivated fields, and that at that point defendant had failed to build and maintain lawful fences to prevent said animal from straying on its track. *Held*, sufficient.

2. ———: ———. In such an action if the complaint is sufficient and the facts warrant a judgment for the plaintiff, the judgment will not be set aside because the instructions do not require the jury to find that the injury was occasioned by the company's failure to fence.

*Appeal from Pettis Circuit Court.*—HON. WM. T. WOOD, Judge.

AFFIRMED.

*Thos. J. Portis* for appellant.

*Geo. P. B. Jackson* for respondent.

WINSLOW, C.—This is an action under the 43rd section of the corporation act, now Revised Statutes, section 809,

for killing stock, commenced before a justice of the peace, and appealed to the circuit court, where the plaintiff recovered judgment, to reverse which, the defendant brings the case here by appeal. The sufficiency of the complaint and the propriety of a single instruction given for plaintiff, are the only errors now insisted upon. The constitutionality of the statute is discussed. but that question has been determined since the appeal. The material part of the complaint is as follows: "That on the 15th day of said month, or about that time, the defendant was operating its engines and cars on its said road, which extended through La Monte township, Pettis county, Missouri, and while so operating the said road at said time, wrongfully ran over and upon and killed a certain three-year-old red beef steer, to the plaintiff belonging, which, without any fault on the part of plaintiff, strayed upon defendant's track. The said animal was struck and killed by defendant in said township at a point where said road passed along, through and adjoining inclosed and cultivated fields, and not a public or private road-crossing, or where the road passed through any town or city; that at said point defendant had failed to build and maintain lawful fences to prevent the said animal from straying upon its track. The value of said animal was and is $50."

The objection to this complaint is, that it does not allege that the failure to fence occasioned the injury. It 1. RAILROADS: is alleged that the animal, "without any fault killing stock: pleading. on the part of plaintiff, strayed upon defendant's track;" that it was struck and killed "at a point where said road passed along, through and adjoining inclosed and cultivated fields," etc., and that "at said point defendant had failed to build and maintain lawful fences, to prevent said animal from straying on its track." There is also an allegation of negligent killing. It may be inferred from these allegations, especially the one last quoted, that the animal strayed upon the track and was killed, at a point where the road was not fenced as required by law,

by reason of failure to fence.   This is sufficient.   *Edwards v. R. R. Co.*, 74 Mo. 117; *Williams v. R. R. Co.*, 74 Mo. 453; *Scott v. R. R. Co.*, 75 Mo. 136; *Bowen v. R. R. Co.*, 75 Mo. 426; *Belcher v. R. R. Co.*, 75 Mo. 515; *Kronski v. R. R. Co.*, *post*, p. 363.   This complaint is quite as full as those sustained in the foregoing cases.

The trial was before the court without a jury, both parties appearing.   The record recites that, on the trial, 2. —— : ——.   "the plaintiff's evidence tended to prove all the averments in the petition," but no evidence was preserved.   The court gave this instruction for the plaintiff: "That if the court believes from the evidence that, on or about the 15th day of May, 1878, the defendant, by its agents, engines or cars, killed the steer of plaintiff on defendant's railroad, in La Monte township, Pettis county, Missouri, at a point on said railroad where the same runs through or along inclosed or cultivated fields, and not at a public or private road-crossing, or where said railroad passed through any town or city; and that at such point the defendant had failed and neglected to erect and maintain lawful fences on the sides of said railroad, then the finding will be for the plaintiff, and assess his damages at the cash value of the steer at the time it was killed."   The objection to this instruction is the same as that urged against the complaint.   It has been held, in two recent cases, that the complaint being sufficient, and the facts warranting the recovery, giving a similar instruction was not a reversible error.   *Moore v. R. R. Co.*, 73 Mo. 438; *Williams v. R. R. Co.*, 74 Mo. 453.

The judgment should be affirmed.   All concur.