CAMPBELL v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Double Damage Act**: KILLING STOCK: PLEADING. In an action under the statute against a railroad company for double damages for killing stock, the complaint need not specifically allege that the injury was occasioned by the faillure to fence or to maintain cattle-guards, or that the injury was not within the limits of an incorporated city or town. It is sufficient if these facts may be inferred from the allegations of the complaint.

2. **Jurisdiction**: JUSTICE'S COURT: APPEAL. Jurisdiction of a justice is a question of fact, which cannot be examined on appeal when the record does not show a proper filing of the bill of exceptions.

3. **Bill of Exceptions**: EVIDENCE OF FILING. The file mark of the clerk indorsed on the bill and copied into the record, is the only proper evidence of the filing of the bill of exceptions in vacation.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*T. J. Portis* and *Smith & Krauthoff* for appellant.

*M. J. Leaming* and *Edwards & Davison* for respondent.

WINSLOW, C.—This is an action under the double damage section of the statutes, originally commenced before a justice of the peace of Marion township, Cole county, Missouri. There was a judgment by default before the justice, from which the defendant, after the usual manner, duly perfected an appeal to the circuit court. In the circuit court, after various objections to the complaint and the introduction of testimony had been made by defendant, and overruled by the court, there was a trial by jury, which resulted in a verdict for plaintiff for $30; which verdict was doubled by the court, and a judgment for $60 rendered against defendant; to reverse which defendant brings the case here by appeal. The following is a copy of the complaint:

"Plaintiff states that defendant is a corporation duly organized and existing under and by virtue of the laws of the State of Missouri; that on the — day of August, 1879, at Marion township, in Cole county, Missouri, at a point on the track of defendant's railroad where the same passes along and adjoining an inclosed and cultivated field, and not a private or public crossing of said road, the defendant by its agents, servants and employes, running its locomotive and train of cars, ran the same upon and over the cow of plaintiff, of the value of $45, and thereby killed said cow; that the defendant failed and neglected to erect and maintain good and sufficient fences at the sides of its road at the point where said cow got upon the track of said road and was killed, and failed and neglected to keep, con-

struct and maintain a cattle-guard at a certain crossing of defendant's railroad at said inclosed and cultivated field in said Marion township, suitable and sufficient to prevent cattle, mules and all other animals from getting on the railroad of defendant." Prayer for double damages.

The first objection alleged against this complaint is, that it does not state that the injuries complained of were caused by the failure to construct sufficient fences and cattle-guards.

It is alleged in the complaint that the accident occurred at a point on the road where the same "passes along and adjoining an inclosed and cultivated field, and not a private or public crossing of said road;" also, that defendant "failed and neglected to erect and maintain good and sufficient fences at the sides of its road at the point where said cow got upon the track and was killed, and failed and neglected to keep, construct and maintain a cattle-guard at a certain crossing of defendant's railroad at said inclosed and cultivated field."

It is the settled doctrine of the cases cited below, that the complaint need not specifically allege that the injury 1. DOUBLE DAMAGE was occasioned by the failure to fence or ACT; killing stock: pleading. maintain cattle-guards; but that it will be sufficient if it appear, inferentially, from the allegations of the complaint. The allegations of this complaint are as full and specific as many that have been sustained in the cases alluded to. It is alleged that the cow was killed at a point where the company was bound to fence or maintain a cattle-guard, and that she "got upon the track of said road and was killed," at that point; and that the company had failed to erect and maintain a cattle-guard where its road entered said field. It may be very clearly inferred from these statements that the cow was killed by reason of these failures. This complaint is informal, it is true. The better practice would be for attorneys, in drawing these complaints, to take necessary pains and insert the few negative averments required by the statute; and for attorneys

41—78

on the other side to pay closer attention to the merits than these questionable technicalities. This statute is penal in its character, and the companies are entitled to a more definite statement under it than is usual in ordinary cases before justices. The following cases fully sustain this complaint on the point just considered : *Edwards v. Railroad Co.*, 74 Mo. 117; *Williams v. Railroad Co.*, 74 Mo. 453 ; *Scott v. Railroad Co.*, 75 Mo. 136 ; *Bowen v. Railroad Co.*, 75 Mo. 426; *Belcher v. Railroad Co.*, 75 Mo. 515 ; *Terry v. Railroad Co.*, 77 Mo. 254 ; *Kronski v. Railroad Co.*, 77 Mo. 362.

The second objection is, that the complaint does not state that the cow went upon the track at a point not within the limits of an incorporated city or town. This objection is disposed of by the rule announced in the cases above cited. It is alleged that the injuries occurred at or in an inclosed and cultivated field, or at a cattle-guard at a railroad entrance of said field. Any ordinary mind would infer from these facts that the injury could not have occurred within the limits of an incorporated city or town. In *Rowland v. Railroad Co.*, 73 Mo. 619, the complaint, as may be seen by a casual reading, contains none of the negative averments required by the statute, and it could not be inferred where the injury occurred. *Schulte v. Railroad Co.*, 76 Mo. 324, was intended to decide no more than is contained in the general rule already adverted to. The complaint is not set forth in the opinion ; but an examination of the original record will show that it is no stronger in its negative averments than the *Rowland case*. Hence, both cases form exceptions to the general rule.

These are all the questions that arise on the record proper ; all other questions depending entirely upon the facts. The only serious question is as to

2. JURISDICTION: justice court: appeal.

whether the evidence shows that the stock was killed in the justice's township. Of course, if it was not, there was no jurisdiction. This is purely a question of fact; and this question, as well as all other questions, we are precluded from examining, because the record shows

no proper filing and authenticating the bill of exceptions.

The first entry of record on this subject is as follows: "Now come the parties plaintiff and defendant herein by attorneys, and by consent of all the parties and leave of the court, the defendant is given thirty days after the expiration of this term of the court in which to prepare and present to plaintiff's counsel, have signed and file its bill of exceptions in this cause." The following is the succeeding order in the case, and is all there is to show the filing of the bill: "And afterward, to-wit, in vacation, and on Thursday, June 24th, 1880, the following proceedings were had in said cause, to-wit: (omitting caption.) Bill of exceptions signed, sealed, allowed and filed, and made part of the record herein, which said bill of exceptions is in the words and figures following, to-wit."

The record fails to show any file mark of the clerk indorsed upon the bill of exceptions and copied in the record, which is the only proper evidence for the filing of the bill. He has no legal right to open court and make an order upon the records of the court unless expressly authorized by statute; and all such records are nullities; hence, there is nothing on the face of this record to show that the bill of exceptions was ever filed and authenticated in this case. The rulings of this court, published and unpublished, are so numerous and positive on these questions as to preclude any further discussion. *Carter v. Prior*, ante, p. 222; *Prior v. Kiso*, decided at the present term.

For the reasons stated above, the judgment should be affirmed. All concur.

<span style="font-variant: small-caps;">3. Bill of Exceptions: evidence of filing.</span>