Briggs v. The Missouri Pacific Railway Company, *Appellant.*

1. **Railroads**: KILLING STOCK: STATEMENT. A statement under the double damage act, (R. S., § 809,) for killing a cow, which alleges that she went on the track where the road runs adjoining inclosed fields and uninclosed prairie lands, where the road was entirely uninclosed, is sufficient, although it does not aver that the cow went upon the track by reason of the same being unfenced.

2. ———: ———: ———. The first count of a statement under Revised Statutes, section 809, containing two counts, is not bad for failure to contain a prayer for relief, where it alleges the killing and value of the cow, and the second count concludes in the same manner, but is followed by a statement of the aggregate value of both animals, and asks for judgment for double that amount. The concluding paragraph is to be regarded as a part of each count.

*Appeal from Bates Circuit Court.*—HON. J. B. GANTT, Judge.

AFFIRMED.

*Thomas J. Portis* for appellant.

The complaint did not meet the statutory requirement in failing to contain a demand for relief. R. S., § 3511. It is required that each cause of action must be separately stated, with the relief sought for each cause in such manner that they may be intelligibly distinguished. R. S., § 3512; *Childs v. State Bank*, 17 Mo. 213; *Mooney v. Kennett*, 19 Mo. 551; *Simille v. Harrison*, 30 Mo. 228; *McCoy v. Yager*, 34 Mo. 134. A complaint based on section 809 must also meet the requirements of sections 3511 and 3512. *Barnett v. Railroad Co.*, 68 Mo. 56; *Gorman v. Railroad Co.*, 26 Mo. 450; *Parish v. Railroad Co.*, 63 Mo. 284. The statutory requirements must be complied with whether the action be commenced in a court of record or before a justice of the peace. The complaint did not do that in this case, and the court erred in receiving testimony to support

its averments over defendant's objections. *Bates v. Railroad Co.*, 74 Mo. 60; *Schulte v. Railroad Co.*, 76 Mo. 324.

*F. P. Wright* and *C. A. Clark* for respondent.

The statement is sufficient. *Terry v. Railroad Co.*, 77 Mo. 254; *Chubbuck v. Railroad Co.*, 77 Mo. 591.

HENRY, J.—Plaintiff commenced this suit before a justice of the peace, under section 809 of the Revised Statutes, to recover double damages for the killing and injuring of a cow and steer belonging to him by defendant's train of cars. The following is the statement filed with the justice:

The plaintiff states that the defendant is a railroad corporation, running and operating a line of railroad lying in and running through the township of Osage, in Bates county, Missouri, and other townships. That on or about the 23d day of July, 1881, plaintiff's cow went on the track of said railroad within the said township of Osage, where said road runs adjoining inclosed fields and through uninclosed prairie lands, and where no fences were erected on the sides of the railroad, where said road was entirely uninclosed. That while said cow was on the track of defendant's railroad, defendant struck and injured said cow with its locomotive and cars, so as to render her worthless. The said cow was, at the time she was killed by defendant, worth the sum of $40.

Plaintiff further states that on or about the 2d day of July, 1881, he was the owner of a steer of the value of $25, that on or about said day said steer went upon the track of defendant's railroad in said township and where said road lies and runs through uninclosed prairie lands and where defendant had wholly neglected to fence its railroad, at a point about one mile north of Rich Hill depot on said road. That said steer went upon said railroad track by reason of the same being unfenced. That while said steer

was upon said railroad as aforesaid he was struck by defendant with its locomotive and cars and injured so as to render him worthless, to plaintiff's damage of $25.

Plaintiff says that by the injuring of said cow and steer he is damaged in the total sum of $65, wherefore he asks judgment against the defendant for double the amount of said damages, to-wit: $130, together with costs of suit.

Defendant moved to dismiss, on the ground that the statement alleged no facts which showed it to be the duty of defendant to fence its road at the point where the cattle got on the track, and again, for the same reason, objected to the introduction of any evidence, which was, also, overruled and an appeal from the judgment obtained by plaintiff.

The first count alleges that the cow went on the track where it runs adjoining inclosed fields and through uninclosed prairie lands, where the road was entirely uninclosed. It does not allege that she went upon the track by reason of the same being unfenced. But in *Edwards v. K. C., St. Jo & C. B. R. R. Co.*, 74 Mo. 122, a statement was held sufficient in which it was alleged that the animal strayed upon defendant's track at a point where it ran through and adjoining inclosed and cultivated fields, and the court, Hough, J., observed: "There is no express allegation that the cow got upon the track in consequence of the failure of the defendant to erect or maintain fences and cattle-guards as required by the statute; but we think the averments quoted, if not equivalent to such an allegation, will at least warrant the inference that the cow got upon the track by reason of the failure to fence." There is no material difference between the words "getting on the track" and "straying on the track," in their application to the voluntary movements of cattle.

This specific objection to the first count of the statement is not applicable to the second. But appellant's counsel contends that the first count is bad because it contained no prayer for relief, but only alleges the killing and value

of the cow.   The second concludes in the same manner, but is followed by a statement of the aggregate value of the two animals, and asks for a judgment for double that amount.   It would have been more formal to conclude each count with a prayer for the amount plaintiff was entitled to recover on it, but the concluding paragraph of the statement may be regarded as part of each count and a very simple addition of figures would show precisely the amount of damages claimed on each count.

The judgment is affirmed.   All concur.