MARRETT V. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Railroad**: DOUBLE DAMAGES: STATEMENT. A statement in a suit before a justice of the peace, against a railroad company for double damages for killing stock, *held,* sufficient.

*Appeal from Clinton Circuit Court.*—HON. G. W. DUNN, Judge.

AFFIRMED.

*Geo. W. Easley* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action, in that it does not allege any facts which show that the animal was killed because of the want of a fence. *Luckie v. Ry. Co.*, 67 Mo. 245; *Cunningham v. Ry. Co.*, 70 Mo. 202; *Rowland v. Ry. Co.*, 73 Mo. 619; *Sloan v. Ry. Co.*, 74 Mo. 47; *Morrow v. Ry. Co.*, 74 Mo. 82. (2) The petition is further defective in that it does not show that the point where the animal got upon the track, or was killed, was of the character of land required to be fenced by the double damage statute. *Bates v. Ry. Co.*, 74 Mo. 60; *Davis v. Ry. Co.*, 65 Mo. 441.

*D. H. McIntyre* and *F. M. Brown* for respondent.

(1) The petition sufficiently alleges that the calf was killed because of the want of a sufficient fence. It states that the animal strayed upon the track "where said road was not inclosed by a good and lawful fence," and "where there was a break in the fence of said road, and carelessly and negligently allowed to remain in bad condition by defendant, and was killed by defendant's locomotive and cars, being run and operated by defendant's agents." This will warrant the inference that the animal got upon the track by reason of the failure to fence, and an express allegation to that effect was not necessary. *Edwards v. Railroad*, 74 Mo. 117; *Kronski v. Railroad*, 77 Mo. 362; *Farrell v. Union Trust Co.*, 77 Mo. 475; *Perriquez v. Railroad*, 78 Mo. 91; *Campbell v. Railroad*, 78 Mo. 639. (2) The petition avers that the calf strayed upon the track and was killed at a certain point, "not in the corporate limits of a city or town and not at a public crossing," and "where there was a break in the fence of said road." This was a sufficient allegation that the animal got upon the track and was killed at a point where the law required the road to be

fenced. *Perriquez v. Ry.*, 78 Mo. 91 ; *Wade v. R. R.*, 78 Mo. 362 ; *Campbell v. R. R.*, 78 Mo. 639.

EWING, C.—This was an action before a justice of the peace, founded on the following complaint: "Plaintiff says that defendants are a corporation, made so by the laws of Missouri ; that they own a railroad which runs through Lathrop township, in Clinton county, Missouri ; that at a certain point, not in the corporate limits of a city or town, and not at a public crossing, where said road was not enclosed by a good and lawful fence, plaintiff's calf, about one year old, on or about the fourth day of June, 1880, strayed upon defendant's road where there was a break in the fence of said road, and carelessly and negligently allowed to remain in bad condition by defendant, and was killed by defendant's locomotive and cars, being run and operated by defendant's agents." There was judgment for plaintiff before the justice, and by the circuit court, when the case was appealed, and from which the case is brought here by the defendant.

The only point in the case made by the defendant is as to the sufficiency of the petition. Without entering into a discussion as to this statement, we deem it sufficient to say it comes within the rule as fixed by this court in *Perriquez v. The Mo. Pac. Ry. Co.*, 78 Mo. 91 ; *Edwards v. Kansas City, St. Jo. & C. B. R. R. Co.*, 74 Mo. 117 ; *Campbell v. Mo. Pac. Ry. Co.*, 78 Mo. 639. We think the statement is sufficient after verdict, and the judgment below is affirmed. All concur.