JAMES M. DORMAN, Respondent, *v.* THE MISSOURI PACIFIC RY. CO., Appellant.

### April 13, 1885.

PLEADING—SUFFICIENCY OF AVERMENTS.—An averment that a cow got upon a railroad track at a point where said road passed through, along, and adjoining enclosed or cultivated fields, sufficiently negatives the presumption that the cow might have gotten upon the railroad track at a public crossing, or in an incorporated city or town. It follows the language of the statute and is sufficient, and is good. Following *Perriquez* v. *R. R. Co.*, 78 Mo. 93; *Campbell* v. *R. R. Co.*, 78 Mo. 639; *Wade* v. *R. R. Co.*, 78 Mo. 362; *Rozzelle* v. *R. R. Co.*, 79 Mo. 350.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

The facts sufficiently appear in the opinion of the court.

ADAMS & BOWLES, for the appellants.

I. · The amended statement does not state facts sufficient to constitute a case of action. The averments are : "That plaintiff's cow strayed upon the track of defendant's railroad at a point in said township where it passed through, along, and adjoining, enclosed and cultivated fields; that at the point where said cow strayed upon said track and was killed, the defendant did not then and there have lawful fences enclosing the sides of said railroad." Nothing appears from the statement

but that the cow entered upon the track at a crossing of the railroad, or at a point within the incorporated limits of a city or town.—*Rowland* v. *R. R. Co.*, 73 Mo. 619; *Schutte* v. *R. R. Co.*, 76 Mo. 324.

II. In *Wade* v. *Ry. Co.* (78 Mo. 362), the decision is based on the fact that the averment negatives the possibility of a point being at a public crossing or inside the corporate limits of a town or city. It is not averred in this case, nor can it be inferred from anything therein contained.

III. The attention of the court was called to the insufficiency of statement by objecting to evidence, and by motion in arrest, both of which were overruled. This was error.

S. P. SPARKS, for the respondent.

I. There was no exception to action of court in allowing amended statement filed; and it is not serviceable here.—*Taylor* v. *Fax*, St. L. C. of Appeals, Feb. 10, 1885, Addenda P.

II. The statement is sufficient. It was not necessary to negative the exceptions as to crossings and incorporated towns. It is plainly to be inferred that the cow did not get on the track at a crossing or within the limits of an incorporated town, if she got on at a point where the road passed through, along, and adjoining enclosed and cultivated fields.

III. Section 3582 (subdiv. 9) Revised Statutes, Mo. 1879, provides, that no judgment shall be reversed, impaired or affected "for omitting any allegation or averment, without proving which, the triers of the issue ought not to have given such verdict."

IV. The cases cited by appellant (73 Mo. 619; 76 Ib. 324; and 78 Ib. 362) are only decisive of the point that it must appear by the statement that the animal got onto defendant's road at a point where there was no lawful fence and where it was required by the law to fence.

Opinion by HALL, J.

This case was begun before a justice of the peace.

In the circuit court an amended statement or petition was filed, which, omitting the caption, is as follows :

That the defendant is now and was at the time hereinafter stated, a corporation duly organized and acting under the laws of the state of Missouri, and as such ran and operated a railroad with engines, locomotives and cars thereon, in the town of Madison, county of Johnson, state of Missouri. That on and prior to the second day of February, 1882, plaintiff was the owner of a certain cow of the value of forty (40) dollars. That on the day last aforesaid the said cow strayed upon the track of the defendant's said railroad, at a point in said township where said road passed through, along, and adjoining enclosed and cultivated fields. That at the point where said cow strayed upon said railroad track and was killed, the said defendant did not then and there have lawful fences enclosing the sides of said railroad. That whilst said cow was on said defendant's railroad track, the said defendant ran its engine and cars upon, against, and over said cow, whereby she was killed as aforesaid, in said Madison township, Johnson county, Missouri, and was wholly lost to plaintiff. Wherefore plaintiff prays judgment in double the value of said cow, as provided by section 809, Revised Statutes of Missouri, 1876.

The case was brought here by defendant by appeal from a judgment rendered in favor of plaintiff.

The only point made in the cause by defendant is that the amended statement above is insufficient, on account of want of allegations that the cow in suit did not enter upon defendant's railroad track at a public crossing, or at a point within the limits of an incorporated city or town. We do not think the point well made. The statement avers that the cow got upon defendant's railroad track at a point where said road passed through, along, and adjoining enclosed and cultivated fields.

This averment sufficiently negatives the presumption that the cow might have gotten upon the railroad track at a public crossing or in an incorporated city or town. This averment follows the language of the statute and is sufficient.

If the cow got upon the railroad track at the point alleged, she could not have gotten upon the said track at the public crossing, or in an incorporated city or town, or at any other point or place, where it was not the duty of defendant to erect and maintain fences on the sides of its railroad, for by the express provisions of the statute, in the same identical words, it is made the duty of the defendant to erect and maintain such *fences* at the point named in the statement.

The statement is sufficient.—*Perriquez v. R. R. Co.*, 78 Mo. 93; *Campbell v. R. R. Co.*, 78 Mo. 642; *Wade v. R. R. Co.*, 78 Mo. 365; *Rozzelle v. R. R. Co.*, 79 Mo. 350.

The judgment of the circuit court is affirmed. All concur.