Samuel Vail, Respondent, v. The Kansas City, Clinton & Springfield Railway Company, Appellant.

Kansas City Court of Appeals, December 24, 1887.

1.  Railroads—Damages Under Section 2124, Revised Statutes— What Things Required to Constitute a Cause of Action Under.—Under section 2124, Revised Statutes (relating to damages for killing stock by railroads), in order to constitute a cause of action, three things devolve upon the plaintiff : (1) That the injury must appear to have occurred at a place where there was no lawful fence ; (2) at a place where such fence could have been erected by the company had it so desired, and (3) that it occurred at a place other than the crossing of a public highway and not within the limits of any incorporated town or city.  *Clarkson v. Railroad,* 84 Mo. 586.  But it is sufficient if the statement contain such facts as reasonably justify the inference of the absence of such fence, and such as negative the existence of the public road, or that it was inside the town limits, etc., especially after verdict.  And if the road was not fenced at such point it is not incumbent upon the plaintiff to prove actual negligence in running and managing the cars.

2.  Practice—Instructions.—Error in When not Prejudicial, etc. A party cannot be heard to complain that an instruction, given at his instance, conflicts with one given for the other party, when such conflict constitutes error in his favor.

3.  Cattle Running at Large—Ordinance Prohibiting in Corporate Limits—Scope of.—An ordinance of an incorporated city, prohibiting stock from running at large within its corporate limits, cannot be held to prevent the citizen, in this state, from turning his stock out on the commons, beyond the limits of the city.

Appeal from Henry Circuit Court, Hon. James B. Gantt, Judge.

*Affirmed.*

Statement of case by the court.

This action was begun before a justice of the peace, to recover damages for the killing of plaintiff's cow. The statement alleged that the killing occurred inside

the corporate limits of the city of Clinton, in Henry county; that, at the point of injury, the defendant owned about twenty acres of land; that this tract was not designated on any plat as blocks or lots, nor is it any part of any addition to said city, nor has it ever been intersected by any streets or alleys in any direction, nor was it fenced at the date of the injury in question, but that it could have been fenced so as to inclose all of said tract; that, at said time, on said land or ground, the defendant's " Y," and main track of its railroad, and the switch on the south side of said track, connected; that, at the time in question, plaintiff's cow strayed upon the ground aforesaid, and upon the main track aforesaid, at a point five or six feet northwest of the northwest end of defendant's switch; and, having strayed upon and being upon defendant's said track, the defendant negligently, carelessly, etc., ran upon her with one of its engines, and killed her; that, by reason of defendant's negligence aforesaid, and the negligent killing of the cow, plaintiff is damaged, etc.

The plaintiff's evidence tended to show that he lived south of said town near defendant's railroad, and on the morning of the accident he turned his cow out on the commons and drove her southward. His evidence further tended to show the fact of killing as alleged; that the road could have been fenced at the point in question without any inconvenience to the defendant's business or the public accommodation; and that there were no streets or alleys at said point.

Verdict and judgment for plaintiff for single damages. The defendant has appealed.

FYKE, CALVIRD & DANA, for the appellant.

I. The petition does not state a cause of action for failure to fence under the statutes of Missouri. It is not averred that the place where the cow went upon the railroad track was at a place where defendant might have enclosed its road with a lawful fence; nor is it averred that the road was not enclosed with a lawful

fence. It is only averred that the twenty-acre tract. belonging to defendant was not fenced. This is not sufficient. *Boyle v. Railroad*, 21 Mo. App. 416; *Russell v. Railroad*, 83 Mo. 507. The statutes made the defendant liable under certain contingencies for failure to fence its road, but not for failure to fence other lands it might own. Rev. Stat. 1879, sec. 2124. Respondent does not claim a cause of action under section 809, and his petition clearly fails to state one under that statute. That it also fails under section 2124 appears from a perusal of the petition in the light of the following decisions: *Russell v. Railroad, supra; Clarkson v. Railroad*, 84 Mo. 585.

II. The instruction given for plaintiff as to the burden of proof is erroneous. No action under the statute was stated by plaintiff, and as applied to an action for negligence the instruction states the reverse of the law. *Turner v. Railroad*, 76 Mo. 262; *Flannery v. Railroad*, 23 Mo. App. 120; *Wallace v. Railroad*, 74 Mo. 594.

III. The instructions are conflicting. It is impossible to tell upon what theory the court decided the case. *Welch v. Railroad*, 20 Mo. App. 477; *Fitzgerald v. Railroad*, 18 Mo. App. 391.

IV. The court erred in refusing defendant's econd instruction. It was in evidence, and not disputed, that the animal for which the action was brought was running at large within the city of Clinton, at the time she was injured, with the knowledge and intent of plaintiff, and in violation of an ordinance of such city. The ordinance contained no such proviso as is found in section 5, of Laws of Missouri, 1883, p. 27, but made plaintiff guilty of a misdemeanor in turning his cow loose to run at large, as the evidence showed he did. *Bowman v. Railroad*, 85 Mo. 533; *Boyle v. Railroad*, 21 Mo. App. 416. Applying the reasoning of the latter case to the case at bar, we think the instruction was proper and that the trial court erred in refusing it. *Railroad v. Lea*, 20 Kan. 353.

V.   There was not sufficient evidence tending to show that the animal in question was struck by one of defendant's trains to support a finding of that fact.

JAMES PARKS & SON, for the respondent.

I.  .Plaintiff is entitled to recover under the statute (Rev. Stat., sec. 2124), under the pleading and evidence in this cause.  *Wymore v. Railroad*, 79 Mo. 247 ; *Winter v. Railroad*, 82 Mo. 128 ; *Lane v. Railroad*, 18 Mo. App. 560.

II.   The court did not err in refusing defendant's second instruction.  It was not in evidence, and most certainly is disputed, that "the animal for which this action was brought was running at large in the city of Clinton, at the time she was injured, with the knowledge or intent of plaintiff, and in violation of an ordinance of such city."   What evidence there is upon this point tends to show that the plaintiff did not reside in the city of Clinton ; that he did not turn his cow out within the city, and, further, that he drove his cow away from the city.   There is no evidence that he knew she was within the limits of the city until the morning after the killing.   To have given the second instruction asked for by defendant would have been an error under the authorities cited by appellant himself, *i. e.*, *Bowman v. Railroad*, 85 Mo. 533 ; *Boyle v. Railroad*, 21 Mo. App. 416.

III.   There is sufficient evidence to show that the cow was struck by one of defendant's trains to support a finding of the fact.

PHILIPS, P. J.—I.   The first objection of appellant is, that the statement does not contain facts sufficient to constitute a cause of action.   The action was manifestly brought under section 2124, Revised Statutes, authorizing the recovery of damages, without any proof of negligence, where the injury occurs for killing such stock at a point on the railroad where the company may inclose the road with a lawful fence.   Under this section

it is held, to constitute a cause of action, that three things devolve upon the plaintiff: (1) That the injury must appear to have occurred at a place where there was no lawful fence; (2) at a place where such fence could have been erected by the company had it so desired; and (3) that it occurred at a place other than the crossing of a public highway, and not within the limits of any incorporated town or city. *Clarkson v. Railroad*, 84 Mo. 586, *loc. cit.* The only tangible objection to the statement in this case is, that it does not, in so many words, appear that the railroad track was not fenced at the point in controversy, it only being averred that the tract of land owned by defendant, over which its road ran, was not fenced. It has been repeatedly held that, under the statute requiring such roads to be fenced, or permitting the company to fence, it was not essential to a recovery that the statement should aver in exact terms that the injury did not occur at a public road-crossing, or within the limits of an incorporated town or city, or that it was a point where it might fence and had failed so to do. It is sufficient if the statement contains such facts as negative the existence of the public road-crossing at such point, or that it was not inside of the town limits, or states such facts as to reasonably justify the inference of the absence of such fence. This is especially so after the verdict. *Dorman v. Railroad*, 17 Mo. App. 337; *Bowen v. Railroad*, 75 Mo. 427; *Terry v. Railroad*, 77 Mo. 255; *Edwards v. Railroad*, 74 Mo. 121; *Kronski v. Railroad*, 77 Mo. 363; *Campbell v. Railroad*, 78 Mo. 639.

In *Thomas v. Railroad* (82 Mo. 538) it is said: "The statement is sufficient when it states facts which necessarily imply that the failure to fence caused the injury complained of." So, in *Belcher v. Railroad* (75 Mo. 515–516), Norton, J., said: "We have held that if, in a statement filed before a justice of the peace, the nature of the transaction and the particulars of the demand appear so as to apprise the opposite party what he is called upon to defend, and specific enough to bar

another action, it is sufficient." And in *Stanley v. Railroad* (84 Mo. 625), it was held, that a statement which averred the killing to have occurred at a place where the company was required to fence, and it had failed to do so, although defective in not averring that the point was not at a public road-crossing, nor within the limits of an incorporated town or city, is sufficient after verdict, where the deficiency has been supplied by the evidence.

We think the statement in this case sufficient after verdict. Both parties at the trial seem to have regarded the fact at issue as to the existence of a fence at the point of the injury. The witness, Allen, testified, without objection, "there are no streets and alleys, intersecting the ground, so that if defendant's track and 'Y' were fenced, no streets, alleys, or lanes of the city of Clinton, or any additions to the same, would be obstructed by the same. The tracks, including the 'Y,' could be fenced without interfering with the defendant's business or with the public. It is not fenced, however." The defendant raised no objection at the trial, neither by objection to the evidence, nor in the motion for new trial. There was no motion in arrest filed. There was sufficient averred, we think, to negative the idea that there was any fence along the sides of the railroad track, especially so after the proofs and the verdict.

II. Complaint is also made of the instruction given on behalf of plaintiff, which told the jury that if the road was not fenced at such point, it did not devolve upon the plaintiff to prove actual negligence in running and managing the cars. This is what the statute says; and so has the Supreme Court repeatedly held. *Edwards v. Railroad*, 66 Mo. 571; *Radcliff v. Railroad*, 90 Mo. 133–134.

III. Appellant complains that the instruction given for plaintiff is in conflict with one given on defendant's behalf, in that the latter only authorized the plaintiff to recover in the event the injury was negligently committed by defendant, or that defendant's servants saw

the cow, or, by the exercise of proper diligence, might have seen her, etc. A party cannot be heard to complain that an instruction given at his instance conflicts with one given for the other party, when such conflict constitutes error in his favor. *Alexander v. Clark*, 83 Mo. 482; *Houx v. Batteen*, 68 Mo. 84; *Crews v. Railroad*, 19 Mo. App. 311. Especially must this be so when the jury have found against the fact predicated in the instruction erroneously given.

IV. It is finally assigned for error that, at the time of this injury, there was an ordinance of the city of Clinton in force, put in evidence by defendant, prohibiting stock from running at large within the corporate limits of the city, and that plaintiff had, in violation of this ordinance, turned his said cow at large inside of the corporate limits. The difficulty in defendant's way is, that the evidence fails to show that plaintiff turned his cow loose inside of the corporate limits of Clinton. On the contrary, the evidence rather tends to show that plaintiff resided outside of the corporation, and that he, so far from turning his cow out in the limits of the town, it was beyond the limits, and to prevent her from going in that way he drove her off in the opposite direction. She afterwards wandered to the point of injury. Such an ordinance cannot be held to prevent the citizen, in this state, from turning his stock out on the commons, beyond the limits of the city, especially so, where he takes the pains to see that the animal, when turned loose, goes in an opposite direction. Such a ruling would, in effect, require every farmer in Henry county to either lose the benefit of the common range, or to guard the "outer walls" of every such incorporated town and city.

V. There was ample evidence to show that the defendant's engine killed this cow.

The other judges concurring, the judgment of the circuit court is affirmed.