THE PRESIDENT, &C. OF THE TERRE HAUTE AND RICHMOND RAILROAD COMPANY *v.* SMITH.

Where the owner of land through which a railroad runs has received from the company, in the assessment of damages, an agreed compensation for erecting and maintaining fences between the road and his land, and fails to maintain such fences, he can not, if by reason of such failure an animal is killed by the cars of the company, recover for the same, without proof of negligence.

APPEAL from the *Putnam* Common Pleas.

PERKINS, J.—*Smith* sued the *Terre Haute and Richmond Railroad Co.*, under the statute, for the value of a horse killed upon the track of her road, by a locomotive.

The defendant answered, that on the —— day of ——, 1851, the plaintiff owned a tract of land, upon which he then resided, and still resides; that the defendant located her road across said track, and appropriated a strip of it one hundred feet wide; that to settle the amount of damage for so doing, the company and *Smith* referred the matter to the arbitrament of *Reuben Hagan*, and two others, who awarded to *Smith*, $500; $200 of which were for the land appropriated, and $300 of which were for the making and keeping up suitable fences; that both parties agreed to the award, and *Smith* promised, if the money was paid, to erect and maintain the fences; that the $500 was all paid by the company; that *Smith* neglected to erect good and suitable fences, but turned his stock upon the ground adjoining the road, one animal of which, the horse in question, passed over the fence built by *Smith*, on to the railroad track, and in the night time, was run over, without fault of the company, and killed.

Reply in denial. Jury trial. Judgment for *Smith*. Motion for a new trial denied.

The answer in the cause was substantially proved. The Court instructed the jury " that if they were satisfied from the evidence, that the horse of the plaintiff was killed by the locomotive and cars of the defendant; and that said railroad track was not, at the time of the killing, securely fenced in, and such fence properly maintained by said company, so as to exclude stock therefrom, then they ought to find for the plaintiff the value of the horse, without regard to the question of negligence."

This instruction was not within the issue tried. That issue was upon the truth of the answer; and if that issue was material; if the answer contained facts constituting a defense, as it was proved, the defendant should have succeeded. We think the answer did contain facts constituting a good defense. As the plaintiff had been paid for building the fences, and it was his own wrong that they were insufficient, and he voluntarily exposed his horse to the destruction that fell upon it, we think, as between him and the company, in this matter, the latter should be regarded as having performed its duty. The road should be regarded, as to the plaintiff, as being fenced,

and no negligence on the part of the company appearing, he should not be allowed to recover. Red. on Railways, p. 365, in note 13; *The Ind, &c. Railroad Co.* v. *Townsend*, 10 Ind. 38; *The Same* v. *Wright*, 13 Ind. 213. In *Corwin* v. *The New York, &c. Co.*, 3 Kernan 42, a case arising under a statute similar to ours on the subject of fencing railroads, the Court say: " It has been noticed, that *Gregory*, who conveyed the land for the road through his farm, was bound by his covenant with the defendant to erect and maintain the fences. Had *Gregory's* cattle entered upon the road from his land, by reason of there being no fence, and been injured, his covenant would have been a good answer to the action."

This is precisely in point, in principle, in the case at bar, and does not conflict with the *New Albany and Salem Railroad Co.* v. *Maiden*, 12 Ind. 10. In that case, the Court say : " The evidence does not show, directly, that the animal was killed on the same land upon which damages had been assessed ; nor does it show the payment of such assessment." And further, it does not appear in the opinion, that any amount for fencing had been included in the assessment. That case in no way conflicts with this at bar. The Court say, as is true, that the statute is in the nature of a police regulation ; and that an owner of an animal may recover, though he is passively a wrong-doer in letting his animal run at large; a point often decided, and to which we still adhere, but it is a different one from that arising in the case now before us. See, also, *The Lafayette, &c. Co.* v. *The New Albany, &c. Co.*, 13 Ind. 90.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings, in accordance with this opinion.

