*J. E. McDonald* and *A. L. Roache,* for appellees.

---

The INDIANAPOLIS, PITTSBURGH and CLEVELAND Railroad Company *v.* PETTY.

RAILROADS.—FENCES.—Where by contract with a railroad company the owner of the land through which the road passes has undertaken to maintain the fence, no recovery can be had by him against the company

for an injury to his animals which resulted from his failure to perform the contract.

SAME.—The tenant of the land owner, thus bound by contract to maintain the fence, or a person whose animals trespass upon the land, is in no better position to maintain an action than the proprietor.

APPEAL from the *Delaware* Common Pleas.

RAY, J.—Action against the railroad company to recover the value of cattle killed by the cars of the appellant, the road not being securely fenced. Answer, that the land along-side of the railroad was a pasture field, and that the owner thereof had, for a proper consideration paid by the company, contracted to keep and maintain a fence between his land and the road, and that on his failure to maintain such fence he should have no claim upon said company for injury to his cattle; that the appellee had full notice of the contract, and of the failure of the owner of the land to comply with its terms. A demurrer was sustained to the answer. This presents the error assigned for our consideration.

In the case of *The Terre Haute and Richmond R. R. Co.* v. *Smith*, 16 Ind., 102, it was held, where by contract the owner of the land was required to maintain the fence, that no recovery could be had by him for an injury to his animals, resulting from his failure to comply with his agreement. That the tenant of the land owner, so bound by contract, or a person whose cattle trespass upon the land, is in no better position to maintain an action than the proprietor, was decided in *The Indianapolis and Cincinnati R. R. Co.* v. *Adkins*, 23 Ind., 340, *The Indianapolis, Pittsburgh and Cleveland R. R. Co.* v. *Shimer*, 17 Ind., 295, and *The Cincinnati, Hamilton and Dayton R. R. Co.*, v. *Waterson et al.* 4 Ohio St. R., 434. The demurrer to the answer should have been overruled.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*J. Davis* and *W. March*, for appellant.

*C. E. Shipley* and *A. Kilgore*, for appellee.