THOMAS v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1.   **Railroads**: KILLING STOCK: DOUBLE DAMAGES: STATEMENT.   A statement in an action against a railroad company for double damages for killing stock, is sufficient in that regard, if it states facts which necessarily imply that the failure to fence caused the injury complained of.

2,   ———: ———: ———.   A tenant whose horse was killed by reason

of the failure of the railroad company to fence, in the absence of notice thereof, will not be bound by an agreement between his landlord and the railroad company relieving the latter of its duty to fence in the former's field, and agreeing that the landlord should make no claim for stock killed therein.

*Appeal from Clinton Circuit Court.*—HON. GEO. W. DUNN,. Judge.

AFFIRMED.

*George W. Easley* for appellant.

(1) The statement does not state facts sufficient. to constitute a cause of action. *Luckie v. Railroad Co.*, 67 Mo. 245; *Sloan v. Railroad Co.*, 74 Mo. 48; *Bates v. Railroad Co.*, 74 Mo. 60; *Johnson v. Railroad Co.*, 76 Mo. 553. (2) The statute required the fence, so far as this case is concerned, for the benefit of King, the adjoining owner. *Berry v. Railroad Co.*, 65 Mo. 172; *Harrington v. Railroad Co.*, 71 Mo. 384; *McDonnell v. Railroad Co.*, 115 Mass. 564. King,. the owner, having contracted with the defendant relieving it from its liability for stock killed in his field for want of a fence, the plaintiff, his tenant, cannot recover. Pierce on Railroads, p. 423.

*J. M. Lowe* for respondent.

EWING, C.—This was a suit under the double damage clause for killing stock upon the following statement:

"Plaintiff, O. W. Thomas, states that the Hannibal and St. Joseph Railroad Company is a corporation, made so by the laws of the State of Missouri, and as such can sue and be sued, that said company own or operate a railroad running through Jackson township, Clinton county, Missouri. That the said railroad runs through the farm of Austin R. King, on the south edge of Clinton county, in Jackson township, and that through said farm the said company have not their road fenced as the law directs.

Plaintiff states that he has said farm rented and under his control, and that previous to and on the 14th day of April, 1881, he had been and was pasturing his horses on the said farm. That on the morning of the 14th day of April, 1881, one of plaintiff's horses went upon the track of said railroad at the point on said road described above, where the said road is not fenced so as to prevent stock from their track, the point being a few yards north of the south line of Clinton county, in Jackson township, Mo., and that the west bound passenger train, about 7 o'clock, on the morning of the 14th day of April, said train being operated by the employes of the said Hannibal & St. Joseph Railroad Company, struck said horse, throwing him from the track and so maiming and crippling the horse that the section foreman on that line of road killed the horse and removed the body. Plaintiff states that disinterested parties valued the said animal at $120; this amount plaintiff demanded of said company, which they refused. Now as the said company continually refuses to pay the real value of said horse, which was a bay horse, about eight years old and a good work animal, plaintiff prays a judgment against said defendant for the sum of $240 and his costs as double the amount of the appraised value of said horse."

There was a judgment against the defendant before the justice and before the circuit court whence the case comes here by appeal.

I. The first point made by the appellant is, that the statement before the justice was not sufficient to constitute a cause of action, in that it fails to state that the horse was killed by reason of the failure to fence the road. The complaint states that the defendant's road ran through his farm where it had not fenced its road as the law directs; that plaintiff's horses went upon said road "at the point on said road described above, where the road is not fenced so as to prevent stock from their track, the point being a few yards north of the south line of Clinton county, in Jackson township, Missouri, and that on the 14th of April, the west

bound train struck said horse," etc. We think the implication here is irresistible, that the failure to fence caused the injury complained of, and the statement must be held sufficient, especially after verdict. *Terry v. Mo. Pac. R'y Co.*, 77 Mo. 254, and cases there cited.

II. The second instruction asked by the defendant and refused, was as follows:

2. If Austin R. King was the owner of the field in proof and had entered into an agreement with an agent of defendant, that in consideration that defendant would not fence its right of way through said field, and would allow said King to cultivate the same, he King, would make no claim for damages for stock of his killed in consequence of the failure to fence its track through said field, and further believe that plaintiff had rented said field of said King and was at the time of the accident sued for cultivating the same, then the finding must be for defendant.

The evidence introduced by the plaintiff tended to show that the animal was killed inside the field of Austin R. King, where the railroad was not fenced; that the plaintiff rented the farm of King, and that there was an agreement between King and the defendant " that if the defendant would not fence its road where it passed through his field but would leave it open, and would allow him (King) to cultivate defendant's right of way, which is about fifty feet on each side of the track, up to the track itself, that he would never make any claim on defendant for such of his stock as might be killed on the railroad in his field. King always cultivated the land along the road up to the end of the ties and plaintiff did the same for the time he had it, and that Thomas, the tenant and plaintiff, had no knowledge of his agreement until after his horse was killed. The duty to maintain fences imposed by statute for the benefit of the adjoining land-owner may be waived by him. Pierce on Railroads, 422, 423; *I. P. & C. R. R. Co. v. Petty*, 25 Ind. 413; *Prest. etc., T. H. & R. R. R. Co. v. Smith*, 16 Ind. 102. And these authorities, also, maintain the doctrine that a ten--

ant with notice could not recover in such cases, when his landlord was estopped by his contract of waiver. *C. H. & D. R. R. Co. v. Waterson*, 4 Ohio St. 424, 434. So where a covenant to maintain fences runs with the land and is duly recorded, it binds all parties. *Duffy v. N. Y. & H. R. R. Co.*, 2 Hilt. 496 ; and authorities there cited. But parol agreements for the removal and discontinuance of a fence on the line of a railroad between the owner of the land and the railroad company does not run with the land, and cannot bind the grantee. *Wilder v. M. C. R. R. Co.*, 65 Me. 332 ; *Gilman v. E. & N. A. R'y Co.*, 60 Me. 235 ; *St. L., A. & T. H. R. R. Co. v. Todd*, 36 Ill. 409.

It would seem, therefore, that a tenant of a land-owner who had made such contract with a railroad would not be bound thereby, unless he had notice of the existence thereof. 4 Ohio State, *supra*. In this case the evidence tends to show that the plaintiff had no knowledge of the contract as to the fence between his landlord, King, and the railroad company, until after his horse was killed and the instruction was therefore, properly refused. The judgment of the court below is affirmed. All concur.