RAILROAD *v.* RUSSELL.

(*Knoxville.*    November 18, 1892.)

1. RAILROADS.   *Liability for damages to live-stock by moving trains.*

> The Code provisions declaring the liability of railroads for injury to
> live-stock by moving trains are modified, if not superseded, by the
> provisions of Acts 1891, Chapter 101.   Under the Code, railroads
> were *prima facie* liable for every injury to live-stock by their moving
> trains, but were permitted to exonerate themselves by affirmative
> proof of observance of all the prescribed statutory precautions.   The
> condition of track as to fencing was not material.   Under Acts 1891,
> Chapter 101, railroads are liable for injury to live-stock by their mov-
> ing trains unless their track is inclosed by a lawful fence.   The ob-
> servance of statutory precautions does not protect company under
> this statute if track is unfenced.   Railroads are protected from lia-
> bility, under this Act, if their tracks are inclosed by a lawful fence.

> Code construed: § 1298, Subsection 4 (M. & V.); § 1166, Subsection 4
> (T. & S.).

> Acts construed: Acts 1891, Ch. 101.

> Cases cited and approved: Railroads *v.* Crider, 91 Tenn., 489; Railroads
> *v.* Sadler, *Id.,* 508.

2. SAME.   *Same.   Evidence as to observance of precautions properly excluded.*

> And therefore in a suit, brought since the passage of the Act of 1891,
> to enforce liability of railroad company for injury to live-stock by its
> moving trains upon an unfenced track, evidence tending to show ob-
> servance of statutory precautions, is irrelevant and properly excluded.

3. SAME.   *Same.   Appraisement under Act of 1891.*

> The appraisement, of value of live-stock injured by moving train on
> unfenced railroad tracks, provided by Acts 1891, Chapter 101, is not
> made a condition precedent to railroad company's liability.   The
> owner of the live-stock may, at his option, proceed by appraisement
> and suit, or by suit without appraisement.   If he proceeds without

Railroad *v.* Russell.

appraisement, he cannot recover his attorney fees, but only the actual damage sustainéd.

Act construed: Acts 1891, Ch. 101.

FROM ROANE.

Appeal in error from Circuit Court of Roane County. S. A. ROGERS, J.

LEWIS SHEPHERD and WELCKER & McNUTT for Railroad.

WRIGHT & WRIGHT for Russell.

CALDWELL, J. This is an action of damages, brought by W. H. Russell against the Cincinnati, New Orleans & Texas Pacific Railway Company, for killing a bull. The suit was commenced before a Justice of the Peace, from whose judgment the railway company appealed to the Circuit Court. In the latter Court, verdict and judgment were rendered in Russell's favor for $40, and the railway company appealed in error to this Court.

On the trial, witnesses were examined as to the condition of the defendant's track *with reference to fencing,* and as to the killing and value of the bull, *no previous appraisement having been made.*

The trial Judge, conceiving the case to be controlled by Chapter 101 of the Acts of 1891, re-

fused to admit evidence as to the observance or non-observance of the precautions prescribed by Sub-section 4 of § 1298 of the Code (M. & V.), and instructed the jury, among other things, substantially as follows: (1) That if the plaintiff's bull was killed by the moving train of the defendant *upon an unfenced track*, the plaintiff *was entitled to a recovery;* and (2) that if the animal was so killed *upon a fenced track*, the plaintiff *was not entitled to a recovery.*

Error is assigned upon the ruling as to evidence and upon the charge.

Confessedly, both are in conformity with Sections 2 and 3. of Chapter 101, Acts of 1891; but counsel for appellant deny that this case comes within the provisions of that Act. The contention is that this case should have been tried under §§ 1298, 1299, and 1300 of the Code, because the plaintiff did not have his bull *appraised* before suit, and then sue upon the *appraisement*, as authorized by sections four and five of the said Act of 1891. In other words, the insistence is that the said Act created a new remedy without affecting the old one; that said Act is to be treated as a whole, and that the provisions of sections two and three cannot be made available, unless those of sections four and five be first pursued.

To that view we cannot agree. The object of the Act in question was to induce railroad companies *to fence their tracks*, primarily in the interest of the traveling public, and, secondarily, for the

protection of live-stock along the line of travel. It greatly modifies, and in a large measure supersedes, the previously existing law, which had no reference to the fenced or unfenced condition of railroads. *Illinois Central Railroad Company* v. *Crider*, 7 Pickle, 489 (19 S. W. R., 619 and 622).

The Act of 1891 makes no imperative requirement that railroad companies shall fence their tracks, but it holds out very potent and unmistakable inducements to that end. The second section makes railroad companies absolutely liable in damages for all live-stock killed or injured by moving trains upon *unfenced* tracks. *Ib.; Nashville, Chattanooga & St. Louis Railway Company* v. *Sadler*, 7 Pickle, 508 (S. W. R., 618). And section three gives them complete exoneration from liability where their tracks are *fenced.*

These are weighty inducements to the end sought by the Legislature—the one being in the nature of punishment for a failure to fence, and the other in the nature of a reward for fencing.

The burden cast upon railroad companies by the second section is absolute liability for the actual damage done. The owner may have the advantage of a *prima facie* case as to the amount of that damage, and of a recovery for reasonable attorney's fees, and thereby increase the burden upon the company in default by first having his damages appraised and then suing on the appraisement, as provided in sections four and five.

"Failure to fence is made conclusive evidence

of negligence whenever live-stock is killed or injured upon such an unfenced road by moving engines or cars. The liability of the company for actual damages is made the consequence of the failure to fence, and if the offending company refuses to pay the *prima facie* value of such stock, as ascertained in the mode prescribed by the Act (Section 4), then it is made liable for an increase in damages to the extent of reasonable attorney's fee, in the event it shall unsuccessfully litigate its liability for such *prima facie* value." *Illinois Central Railroad Company* v. *Crider*, 7 Pickle 489 (19 S. W. R., 619, 620).

But the owner is not compelled to take the advantages allowed him by sections four and five of the Act. He may avail himself of them or not, as he sees fit, and yet enforce the liability established by section two. Nor can the defaulting railroad company avoid its liability under section two by showing that the owner has not taken steps to increase its burden as allowed by sections four and five.

The killing of live-stock upon an *unfenced track* by a moving train or engine fixes absolutely the liability of the defaulting company for the actual value of the stock killed; and that value may be recovered in an ordinary action of damages without previous appraisement, or the owner may have an appraisement, and if the appraised value is not paid in sixty days after presentation, he may sue for the same, and, if successful, recover that

Railroad *v.* Russell.

amount, and reasonable attorney's fees in addition.

To hold otherwise, would, in a large measure, defeat the object of the Act. If sections two and three can be made available only when there has been a previous appraisement, one party or the other may prevent their application in any case. The owner may not know of the killing of his stock in time to have the appraisement made. The notice prescribed by the first section may be impossible, or it may be intentionally withheld, and the owner may not otherwise learn of the killing until the dead body is buried or consumed. In such a case, without fault of the owner, no appraisement can be made; and, as a consequence, the railroad company, which, in disregard of the purpose of the Act, has failed to fence its track, escapes the liability prescribed in the second section.

On the other hand, the owner may know of the killing of his stock from the first, and may designedly fail to have an appraisement made, and, in that way, deprive the railroad company, which has met the legislative object by fencing its track, of the exemption afforded by the third section.

As a further result of the construction contended for by counsel of appellant, the owner would have two independent remedies—one under the old law and another under the new—to either of which he might resort if the track be not

8—8 P

fenced, and the former of which he might pursue if the track be fenced; and the only sure escape for the railroad company would be through a compliance with both laws at the same time; with the old, by observing the precautions prescribed by subsection 4 of §1298 of the Code; and, with the new, by fencing its track, in obedience to the Act of 1891.

A construction with consequences so unequal and partial, will not be adopted in the absence of words indicating unmistakably that it was so intended by the Legislature.

The ruling upon evidence and the instruction upon the law of the case were correct.

Affirm with costs.