## RAILROAD v. STONECIPHER.

(*Knoxville.* September 24, 1895.)

1. RAILROADS. *Liability for killing stock upon unfenced track absolute.*

   That an engineer of a train could not, even by the use of the greatest diligence, have avoided killing stock on the track, does not defeat or diminish the liability of the company under Acts 1891, Chapter 101, for its failure to fence its track in the open country, where the accident occurred. (*Post, pp. 312–314.*)

   Act construed: Acts 1891, Ch. 101.

   Cases cited and approved: Railroad v. Russell, 92 Tenn., 108; Railroad v. Crider, 91 Tenn., 489; Railroad v. Sadler, 91 Tenn., 508; Railroad v. Hughes, 94 Tenn., 450.

2. SUPREME COURT. *Will not reverse for exclusion of witness' answer, when.*

   This Court will not reverse for refusal of lower Court to allow a witness to answer pertinent questions propounded to him, unless the bill of exceptions shows what answers he would have made if permitted to testify, and that such answers would have been competent and material. (*Post, pp. 314, 315.*)

   Cases cited and approved: Telegraph Co. v. Barnes, *ante*, p. 271; State v. Turner, 6 Bax., 203; Holmark v. Molin, 5 Cold., 484; Truslow v. State, *ante*, p. 189.

3. VERDICT. *For killing stock supported by the evidence, when.*

   A verdict against a railroad for killing plaintiff's stock is sufficiently supported by proof showing (1) that the stock was killed by a "moving train or engine or cars" of defendant, (2) that the collision occurred on an unfenced track in the open country, (3) the value of the animals killed. (*Post, pp. 315, 316.*)

   Case cited: Railroad v. Hughes, 94 Tenn., 450.

4. SAME. *Contrary to charge of Court.*

   An objection that a verdict is contrary to the charge of the Court is practically the same as an objection that it is contrary to the

evidence, where it assumes that the Court's charge was correct. (*Post, p. 316.*)

FROM MORGAN.

Appeal in error from Circuit Court of Morgan County. S. A. RODGERS, J.

LEWIS SHEPHERD and SAM EPPS YOUNG for Railroad.

WRIGHT & WRIGHT for Stonecipher.

CALDWELL, J. E. T. Stonecipher brought this action to recover damages from the Cincinnati, New Orleans & Texas Pacific Railway Company for killing a team of horses on its unfenced track. The jury returned a verdict in favor of the plaintiff for $300, and the Court pronounced judgment for that amount, and all costs. The defendant appealed in error.

Stonecipher owned two horses, which he used in hauling cross-ties to the road of the defendant. On June 18, 1892, after unloading his wagon, he started to the village of Sunbright. Being overtaken, on the way, by a rain and hail storm, he alighted from his wagon, hitched his team to a rail fence, and went into a neighbor's barn for shelter. When the storm was over he discovered that his horses

had "broken loose" and gone away with his wagon. Following some distance in the direction they had gone, he found a part of his wagon in a lane leading toward the railroad; and, still pursuing, he soon observed wagon tracks near the railroad, and, further on, one or two hundred yards, he found his horses, both mangled and dead, one on each side of the roadbed, and the remnant of his wagon near by. The animals were stricken and killed by a south bound freight train while being operated and run by the defendant railway company upon its unfenced track, in Morgan County, Tennessee, and the place of the collision was in the open country, away from any station, town, city, street, or public highway.

Three grounds of error in the judgment below have been assigned by counsel for the railway company.

*First.*—It is insisted that the Court committed error in refusing to permit the witness, Clark, who was fireman on the colliding locomotive, to answer the questions whether or not it was possible for the engineer to stop the train and avoid killing the horses, after they could have been seen on the track by him, and what the engineer did, in fact, do to alarm the horses and to stop the train.

There are two distinct reasons why that action of the trial Judge is not reversible. (1) The questions asked were not competent, relevant, or material in this suit. The horses were killed in this State, upon an unfenced track, by a moving train of the defendant

railway company. That being true, the defendant was liable, by the terms of Section 2, Chapter 101, Acts of 1891, for the value of the horses, without any reference to what the engineer in charge of the locomotive did do, or could have done, to stop the train and prevent a collision. *Railroad* v. *Russell*, 92 Tenn., 108; *Railroad* v. *Crider*, 91 Tenn., 489; *Railroad* v. *Sadler*, *Ib.*, 508; *Railroad* v. *Hughes*, 94 Tenn., 450. He may have done all in his power and been unable to prevent the accident, or he may have done nothing, with ample means of prevention readily at hand, and in either case the liability of the defendant would be precisely the same. The killing having occurred upon an unfenced track, the defendant can neither avoid nor diminish liability by showing even the greatest diligence on the part of those in charge of the train. (2) The bill of exceptions fails to show what answers the witness would have made if allowed to respond to the questions propounded to him. In the absence of such showing, this Court cannot know what responses he would have made if permitted to speak, and will not undertake to review the action of the lower Court in directing him not to respond.

To reverse a trial Judge for refusing to let a witness answer competent questions, the complaining party must show from the bill of exceptions what the witness would have said if permitted to answer, and it must further appear, as a matter of law, that the testimony offered was competent and material.

*Western Union Telegraph Co.* v. *Barnes, ante,* p. 271; *State* v. *Turner,* 6 Bax., 203; *Holmark* v. *Molin,* 5 Cold., 484.

What the witness would say can be ascertained for the bill of exceptions, without prejudice to either party, by sending the jury out, and, in their absence, taking his answers; or the Court and counsel can in some other way learn and let the bill of exceptions show what the testimony would have been. *Truslow* v. *State, ante,* p. 189 (S. C., 31 S. W. R., 989). This Court has prescribed no particular mode by which it shall be done.

*Secondly.*—It is insisted that there is no evidence to sustain the verdict. To entitle a plaintiff to recover in a case like this, it is only incumbent on him to establish three things by proof: (1) That his horses were killed by the "moving train or engine or cars" of the defendant, (2) that the collision occurred upon an unfenced track in this State, and (3) the value of the animals so killed. Acts 1891, Ch. 101, Sec. 2. All of these are abundantly shown in this case, the first two by witnesses of both parties and by admission of defendant in open court, and the third by the plaintiff and two other witnesses called by him. The plaintiff says his horses were worth "about $350," and the other two witnesses say they were worth $300. The verdict is for the latter sum.

It is well to remark, in this connection, that the conditions mentioned in the recent case of *Railroad*

v. *Hughes*, 94 Tenn., 450, under which the fencing statute cited above does not apply, do not exist in this case, for, as already seen, the place of the collision was in the open country, away from any station, town, city, street, or public highway.

*Thirdly.*—It is insisted that the verdict is contrary to the charge of the Court.

This objection is practically the same as that last considered—that is, that there is no evidence to sustain the verdict. If the Court charged the jury correctly (as this objection assumes that he did), and the verdict is contrary to the charge, then the verdict is not supported by the evidence; it is not the verdict that should have been rendered under the law when properly applied to the evidence, and, consequently, is not sustained by the evidence. The objection being the same in legal contemplation, it is met by the same answer—the verdict is abundantly sustained by the evidence.

Affirmed.