# RAILROAD v. HOUSE.

## (*Jackson.* April 18, 1896.)

1. RAILROADS. *Observance of statutory precautions within station grounds.*

   Railroad companies must observe the statutory requirements for prevention of accidents in the running of trains over tracks within station grounds. (*Post, pp. 553–556, 558.*)

   Code construed: §§ 1298–1300 (M. & V.); §§ 1166–1169 (T. & S.).

   Cases cited and distinguished: Patton *v.* Railroad, 89 Tenn., 370; Railroad *v.* Scales, 2 Lea, 688; Railroad *v.* Swaney, 5 Lea, 119; Railroad *v.* Scott, 87 Tenn., 494; Railroad *v.* Foster, 88 Tenn., 680; Railroad *v.* Pugh, 95 Tenn., 419; Cox *v.* Railroad, 2 Leg. Rep., 168.

2. SAME. *Fencing Act does not apply, when.*

   The railroad fencing statute does not apply to depots and stations, or to grounds immediately around them; or to the crossings of public highways, or to portions of track that lie within towns or cities, and are intersected by public streets. (*Post, pp. 557, 558.*)

   Act construed: Acts 1891, Ch. 101.

   Cases cited and approved: Railroads *v.* Crider, 91 Tenn., 507; Railroad *v.* Russell, 92 Tenn., 111; Railroad *v.* Stonecipher, 95 Tenn., 311; Railroad *v.* Hughes, 94 Tenn., 450.

3. CHARGE OF COURT. *Presumed correct, when.*

   This Court presumes that the charge of the Court was correct and sufficient, where it has been omitted from the record. and there is a recital that it was "unexceptionable within itself." (*Post, pp. 555, 556 .*)

   Cases cited and approved: Railroad *v.* Foster, 88 Tenn., 671; Insurance Co. *v.* Sturges, 12 Heis., 339; Lane *v.* Keith, 2 Bax., 189.

4. VERDICT. *Not set aside, when.*

   To induce this Court to set aside the verdict of a jury upon the facts alone, the complaining party must take as true the

strongest legitimate view of the evidence against him, and show that it affords no support for the finding of the jury. (*Post, pp. 556, 557.*)

Kirkpatrick *v.* Jenkins, *ante,* p. 85; Citizens' Rapid Transit Co. *v.* Seigrist, *ante,* p. 119.

FROM   GIBSON.

Appeal from Circuit Court of Gibson County. HON. JNO. R. BOND, J.

R. P. RAINES and McCORRY & BOND for Railroad.

W. S. COULTER for House.

CALDWELL, J.    J. A. House, as plaintiff in this action, obtained a verdict and judgment against the Mobile & Ohio Railroad Co. for fifty dollars, the value of a graded Jersey cow killed by one of its trains.    The defendant has appealed in error.

The animal in question was stricken and killed, while upon the main track of the company's road, in the station grounds, and only a few feet from the depot building, in Dyer, Tenn., by a through freight train, moving at a high rate of speed, with no purpose or intention of stopping at the station, and without the observance of any of the requirements of Subsec. 4 of Sec. 1298 of the (M. & V.) Code.

The instruction of the trial Judge to the jury does not appear in the record. In lieu thereof, and in relation thereto, the bill of exceptions contains this statement, namely: "The charge of the Court was under the precautionary statutes only, relating to the prevention of accidents on railroads, and was unexceptionable within itself, but the defendant insists that the statutes do not apply in this case."

Obviously the "statutes" referred to are the following: "Every railroad company shall keep the engineer, fireman, or some other person upon the locomotive always upon the lookout ahead, and when any person, animal, or other obstruction, appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident." Code (M. & V.), § 1298, Subsec. 4. "Every railroad company that fails to observe these precautions, or cause them to be observed by its agents and servants, shall be responsible for all damages to persons or property, occasioned by, or resulting from, any accident or collision that may occur." Code (M. & V.), § 1299. "No railroad company that observes, or causes to be observed, these precautions, shall be responsible for any damages done to person or property on its road. The proof that it has observed said precautions shall be upon the company." Code (M. & V.), § 1300.

Should these provisions have been given in charge to the jury in this case? Are the precautions pre-

scribed in the subsection first quoted applicable to a through train, running upon the main track, in and through the company's station or depot grounds?

Though the language is very broad and general, those precautions have been adjudged, several times, to be inapplicable in certain peculiar and adverse conditions. They have been held not to apply to the rear portion of a train broken in two by accident (*Patton* v. *Railway Co.*, 89 Tenn., 370); nor to cases where the obstructing objects appeared upon the road so suddenly and so near the locomotive as to render their observance impossible (*Railroad Co.* v. *Scales*, 2 Lea, 688; *Railroad Co.* v. *Swaney*, 5 Lea, 119; *Railroad Co.* v. *Scott*, 87 Tenn., 494; *Railway Companies* v. *Foster*, 88 Tenn., 680); nor to a train or part of a train while engaged in switching operations in the yard and station or depot grounds of the railway company (*Railroad Co.* v. *Pugh*, 95 Tenn., 419; *Cox* v. *Railroad Co.*, 2 Leg. R., 168). These three exceptions arise by construction and without reference to subsequent legislation on the same subject.

It must be assumed that the jury in the present case were properly instructed in relation to such exceptions, so far as appropriate to the facts disclosed in testimony. This assumption is made, first, because the bill of exceptions, as has been seen, recites that the charge given was upon the statutes in question, and was "unexceptionable within itself;" and, secondly, because this Court, in the absence of

the charge, will presume that it was all that it should have been under the law. *Railway Companies* v. *Foster*, 88 Tenn., 671; *Insurance Co.* v. *Sturges*, 12 Heis., 339; *Lane* v. *Keith*, 2 Bax., 189.

The defendant, though failing to observe any of those precautions, did not bring itself within any one of the exceptions mentioned. There was no insistance on its part that the cow was killed by the detached portion of a train broken in two, nor by the movement of a train or part of a train while engaged in switching operations. The accident occurred in the station grounds of the company, but the collision was with a through train, upon the main track, in rapid motion, and not with a switching train or part thereof.

The real contention of the defendant, in the court below, was that the cow appeared upon the track so suddenly and so near the locomotive that the statutory precautions could not possibly have been observed. The engineer and other witnesses for the defendant testified, in substance, that such was the fact, but witnesses for the plaintiff denied that such was the fact, and testified that the contrary was true. It was the peculiar province of the jury to pass upon the weight and credibility of the evidence, and their finding in such a case is conclusive, on appeal. No rule of practice is better settled than that the verdict of a jury, in a civil case, will not be disturbed in this Court if there is any evidence to

Railroad v. House.

sustain it. *Kirkpatrick* v. *Jenkins*, 96 Tenn., — (S. C., 33 S. W. R., 819).

In order to impeach such a verdict successfully, on the ground that there is no evidence to sustain it, the complaining party must take as true the strongest legitimate view of the testimony against him, and show that it affords no support for the finding of the jury. *Citizens' Rapid Transit Co.* v. *Seigrist*, 96 Tenn., — (S. C., 33 S. W. R., 921).

The statutes referred to were greatly modified, and in a large measure superseded, by Chapter 101 of the Acts of 1891, which relates to the fencing of railroads. *Railroads* v. *Crider*, 91 Tenn., 507; *Railroad* v. *Russell*, 92 Tenn., 111.

To such parts of railway lines as are contemplated and embraced in the provisions of that enactment, those statutes are no longer applicable, so far as injuries to live stock are concerned, and the observance or nonobservance of the precautions set out in the fourth Subsection of § 1298 of the Code (M. & V.) has no bearing upon the question of a railroad company's liability for injuries done to live stock by moving trains on such parts of its road. *Railroad* v. *Russell*, 92 Tenn., 108; *Railroad* v. *Stonecipher*, 95 Tenn., 311.

The provisions of the fencing Act (Acts of 1891, Ch. 101), however, do not relate to depots and stations or to grounds immediately surrounding them; to the crossings of public highways, or to portions of the track that traverse towns or cities and are

Railroad v. House.

intersected by public streets. *Railroad* v. *Hughes*, 94 Tenn., 450; *Railroad* v. *Stonecipher*, 95 Tenn., 316. Consequently they were not applicable in this case. The Court below so instructed the jury, at the request of the railroad company.

It follows, from what has been said, that the present case does not fall within any of the exceptions hitherto established, either by construction or by subsequent legislation, and that liability on the part of the defendant is, therefore, inevitable, unless another exception be now established by construction.

It has not heretofore been held, and should not now be held, that the precautions enumerated in Subsection 4 of § 1298 of the Code (M. & V.), are inapplicable to a moving train, on a regular trip and not engaged in switching, though at the time passing through the yard or station grounds of the company. We think they are entirely applicable to such a case, and that the jury were properly so instructed. No good reason for their supposed inapplicability has been suggested by counsel, and none is conceived by the Court. Such a train, at such a place, and under such conditions, is as dangerous as elsewhere, and its observance of those precautions is as easy there as at any other place.

Affirm, with costs.