## Railroad v. Patton.

### (Nashville. January 13, 1900.)

1. RAILROADS. *Fencing track.*

   The track of a railroad must be fenced through inclosed lands as well as through uninclosed lands, and at the place of the accident, in order to protect the company against liability for live stock killed by its moving trains. (*Post, pp. 41, 42.*)

   Act construed: Acts 1891, Ch. 101.

2. SAME. *Same.*

   To excuse a railroad company from liability for live stock killed by its moving train on a lawfully fenced track, it is not essential that observance of the statutory precautions for prevention of accidents shall be proved. The necessity for the observance of these precautions as such is superseded by compliance with the railroad fencing statute. (*Post, p. 42.*)

   Act construed: Acts 1891, Ch. 101.

   Code construed: § 1574 (S.); § 1298 (M. & V.); § 1166 (T. & S.).

   Cases cited and approved: Railroad v. Russell. 92 Tenn., 108; Railroad v. Tiernan, 102 Tenn., 708.

3. SAME. *Same.*

   The failure of a railroad company to fence its track renders its liability for the killing of live stock by its moving trains absolute, in the absence of excusing fault on the part of the owner, regardless of its observance or nonobservance of the statutory precautions for prevention of accidents. (*Post, pp. 42, 43.*)

   Act construed: Acts 1891, Ch. 101.

   Cases cited and approved: Railroad v. Stonecipher, 95 Tenn., 313; Railroad v. Russell, 92 Tenn., 108; Railroads v. Crider, 91 Tenn., 489.

4. CHARGE OF COURT. *Erroneous, not cause for reversal, when.*

   Harmless error in the Court's charge constitutes no cause for reversal—*e. g.*, charging that a railroad company must both fence its track and observe statutory precautions to escape

liability for the killing of live stock by its trains, in a case where the stock was unquestionably killed on an unfenced track. (*Post, p. 42.*)

FROM DAVIDSON.

Appeal in error from Second Circuit Court of Davidson County. JNO. W. CHILDRESS, J.

SMITH & MADDIN for Railroad.

PARDUE & BASS for Patton.

CALDWELL, J. Eugene Patton obtained verdict and judgment against the Louisville & Nashville Railroad Company for $65 for killing a mule. The company appealed in error.

The plaintiff's mule was killed by a moving train of the defendant on its track in a field belonging to one of the plaintiff's neighbors. The field contained fifteen acres, and seems to have been a parallelogram, almost square. The defendant's track passed through the field from end to end, and was not inclosed otherwise than by the fence along the outer limits of the field.

The trial Judge correctly instructed the jury that the defendant was liable for the value of the mule, if it was killed by one of its moving trains upon an unfenced track, unless the killing

was the result of a willful plan or of contributory negligence on the part of the plaintiff; and that the fence of the owner around the field, however good, would not excuse the railroad company from liability on account of its failure to inclose its track separately by a lawful fence. Obviously, the owner's fence inclosing his field could not, in legal contemplation, be considered an inclosure of the railroad track. The statute (Acts 1891, Ch. 101) contemplates a lawful fence along each side of the railroad, whether in inclosed fields or open lands, the object being to shut live stock out from the track in inclosed and uninclosed lands along the right of way.

The jury was erroneously instructed that it was also incumbent on the defendant, in order to avoid liability, to show that its agents had sounded the alarm whistle and observed the other precautions prescribed by Sub-section 4 of Section 1574 of Shannon's Code. The duty of observing those precautions, as such, was superseded by the fencing act as to all parts (*Railroad* v. *House,* 96 Tenn., 552) of the line of road to which that act applied. *Railroad* v. *Russell,* 92 Tenn., 108; *Railroad* v. *Tiernan,* 102 Tenn., 708. But this error was a harmless one, and hence not reversible, since it was admitted that the defendant had not fenced its track at the place where the mule was killed.

The failure to fence made the defendant's lia-

bility absolute in the absence of a finding of fault on the part of the plaintiff, and the strictest observance of the precautions mentioned, or the failure to observe them at all, could in no way affect that liability. *Railroad* v. *Stonecipher,* 95 Tenn., 313; *Railroad* v. *Russell,* 92 Tenn., 108; *Railroads* v. *Crider,* 91 Tenn., 489.

With or without the latter instruction the result would have been the same, as the track was not fenced.

The verdict refutes the contention of the company that the plaintiff placed, or caused the mule to be placed on the track with a view of having it killed; and that verdict having proof to sustain it, will not be disturbed in this Court.

Affirmed.