# SOUTHERN RY. CO. v. LEWIS. No. 1.—196 S. W. (2d) 322.

Eastern Section. March 16, 1946.

Petition for Certiorari denied by Supreme Court, May 13, 1946.

J. R. Ketron, of Tazewell, and Donaldson, Montgomery & Kennerly, of Knoxville, for plaintiff in error.

J. Kyle Kivett, of Tazewell, for defendant in error.

McAMIS, J.  This is an action under Code Section 2651 for the value of a registered Hereford bull killed by a moving train of the Southern Railway Company. The jury returned a verdict for $500 which was approved by the trial judge and the present appeal by the Railway Company resulted. A single question is presented: Can a railway company under Code, Section, 2652 defend an action for killing an animal at a point where the adjoining landowner maintained a lawful fence along his property through which the animal escaped, the evidence affirmatively showing that the railway company itself neither constructed nor maintained a fence and cattle guards enclosing its right of way?

Section 2651 makes the liability of railway companies absolute where stock is killed by a moving train save only in cases where the owner has been guilty of contributory negligence or has willfully procured the killing of his stock. The same Section expressly provides that allowing stock to run at large upon common unfenced range or upon enclosed land owned or in the possession of the owner of the stock shall not constitute contributory negligence.

Section 2652 provides an absolute defense to actions under the preceding Section "when the track of said railroad is enclosed by a good and lawful fence and good and sufficient cattle guards."

The Railway Company makes the ingenuous argument that Section 2652 does not, in terms, impose the burden upon the Railway Company of enclosing its tracks and insists that, since the statute is penal in character, it should be construed most strictly in favor of the Railway Company. From this it is argued that if the landowner himself erected a fence the Railway Company should not

be required to erect another fence in order to enjoy the immunity provided by Section 2652.

The two Sections, being taken from a single enactment (Chapter 101, Acts 1891), must be construed as separate parts of a whole. When so construed, we think it is clear that the Railway Company can defend only by showing that it erected a fence. Section 2651, as noted, expressly provides that an owner of stock shall not be guilty of contributory negligence by allowing his stock to run "upon inclosed land owned or in possession of the owner of such stock . . ." If, as the Railway Company insists, the Statute does not place the burden upon it of constructing a fence, the question of contributory negligence could never arise in cases where the owner himself had made an enclosure because there could never be an action against the Railway Company in such cases. In other words, from the construction contended for, the Legislature by Section 2651 took from the Railway Company the right to rely upon contributory negligence of the owner under circumstances for which the Railway Company would not have been liable in any event. We do not think such a construction can be accepted.

While there is no holding expressly ruling the question, there are many expressions in our cases indicating that the trial judge adopted the correct view.

In Railroad v. Crider, 91 Tenn. 489, 496, 19 S. W. 618, it was said that the purpose of the Act was not so much in the interest of the owners of the animals which go upon an unfenced road as in the interest of the general public in preventing accidents.

In Railroad v. Russell, 92 Tenn. 108, 110, 111, 20 S. W. 784, 785, this significant language was used: "The object of the act in question was to induce the railroad companies to fence their tracks . . ."

That this was a duty resting upon the Railroad Company was clearly assumed if not directly decided in Buford v. Louisville & N. R. Co., 146 Tenn. 262, 269, 240 S. W. 759, 761, when the court said: "Of necessity the performance of *the duty imposed by law upon railroad companies* of building and maintaining fences must be accomplished through means of some agency . . . ." (Emphasis supplied.)

For the reasons indicated we think the Railway Company is liable. All of the proof shows that the bull was worth at least $500, the amount recovered, and we find the assignments without merit. Affirmed with costs.

Hale and Burnett, JJ., concur.