Checkley v. Illinois Central R. Co., 171 Ill. App. 203.

---

## William Checkley, Plaintiff in Error, v. Illinois Central R. R. Company, Defendant in Error.

1. AGREEMENT—*when not against public policy.* An agreement in a lease of part of a right of way upon which a warehouse is to be constructed, indemnifying the railroad company against damages by fire, is not illegal or invalid as against public policy.

2. RAILROADS—*fires.* Where a lease of railroad premises releases the lessor from damages by fire, the lessor is not liable in trespass for the acts of its employees in entering on the demised premises to remove combustible material from its right of way, as it was required by statute to do, and negligently causing a fire resulting in injury to the lessee.

Error to the Circuit Court of Coles county; the Hon WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed April 11, 1912.

**Statement by the Court.** William Checkley sued the Illinois Central Railroad Company to recover damages for the destruction of a warehouse and contents by fire. The original declaration contained six counts; an amended declaration was filed, the first eight counts of which are in case and the remaining two in trespass. Subsequently two additional counts in trespass were filed.

The first count of the amended declaration avers that the plaintiff was seized and possessed of a certain warehouse situated on lot 11 and the south 30 feet of lot 10 in block 143 of Noyes' addition to the city of Mattoon of the value of $1,000, in which building were stored seventy tons of broom corn, property of plaintiff, of the value of $16,000, all of which the defendant knew; yet the defendant knowingly, intentionally and wilfully caused to be set on fire certain grounds, and the dry grass and other combustible material thereon, near to and adjoining said building of the plaintiff, and so negligently and carelessly watched and attended said fire that the same was communicated to the building of the plaintiff on the aforesaid premises and consumed said building and contents to the damage, etc. The second count is similar to the first, except that it does not allege careless watching and attending said fire. The third and fourth are the same in substance as the first.

The fifth count avers, in addition to what is in the first, that defendant negligently permitted grass and weeds to grow and to become highly combustible and dangerous on its premises within the city of Mattoon and adjoining the premises of plaintiff; that there was in force in said city an ordinance, providing a fine for any person who shall kindle any fire or burn any substance on any street or other open or public

grounds except in a metal crematory; that it was the duty of defendant to refrain from kindling any fire except as permitted by the ordinance, but in disregard of said ordinance defendant wilfully and wantonly caused dry grass to be burned on open grounds, etc.

The sixth count resembles the fifth, but contains the further averment that defendant negligently attended said fire. The seventh is the same in substance as the first. The eighth resembles the sixth except it avers that the defendant negligently kindled the fire, but does not allege that it was carelessly and wantonly kindled.

The ninth avers trespass to real property in that the defendant with force and arms entered the close of plaintiff and then and there set fire to a certain building of the plaintiff thereon whereby it and its contents were consumed.

The tenth avers trespass to real property of plaintiff similar to the ninth, except it is the dry grass, etc., thereon that it is averred was set on fire on said close, whereby fire was communicated to the building, etc.

The first additional count avers trespass to property by setting plaintiff's warehouse on fire whereby the same and its contents, the property of plaintiff, were destroyed.

The second additional count avers trespass to property by setting fire to dry grass adjacent to plaintiff's warehouse whereby the building was destroyed and the contents damaged.

The twelfth and fourteenth pleas of the defendant plead matter, which confesses and avoids each count of the amended declaration and the fifth additional plea confesses and avoids the ninth and tenth counts of the amended declaration and the additional counts.

The fourteenth plea is to the first to eighth counts inclusive and avers that plaintiff ought not to have and maintain his action against the defendant because it says that before the causes of action mentioned, and before the commencement of this suit on, to-wit, etc.,

the plaintiff by his contract of that day and now to the count here shown released to the defendant his several causes of action and all demands, which the plaintiff should have against the defendant in words and figures as follows, to-wit:—the contract copied at length in the plea is a lease from defendant to plaintiff of the real estate described in the declaration, except that part of said lots now occupied by side tracks thereon and eight feet from the center line of said side tracks, for a rental of one dollar per annum, the lessee agreeing to erect a frame building for a storage warehouse on the described premises, and "it is further agreed by the lessee that the ground herein leased shall be used for a storage warehouse, and for no other purpose." The lessee further agrees "that at all times during the continuance of said tenancy he will exercise such care and cause such precautions to be taken as shall adequately protect buildings and structures on said demised premises and their contents and all property of whatever description situated on said premises, against all dangers to which they may be exposed from fire by reason of the proximity of said premises to the railroad operated by the lessor, and the movement or use of locomotive engines and cars upon its tracks the risk of all loss, injury and damage by fire, however caused, and whether or not caused by the negligence of the lessor, its agents or servants, being hereby assumed by the lessee, who, in consideration of the leasing of said premises on the terms aforesaid, hereby agrees to indemnify and save harmless the lessor from all liability for damage by fire, however the fire may originate the risk of which is assumed as aforesaid."

It avers that by subsequent agreements the said lease has been continued in force and was in force and effect at the time of the alleged loss, and the building thereon and property stored therein and described in the declaration were only on the premises by virtue

of said agreement and lease and extensions thereof; that by the said lease and agreement the plaintiff agreed to assume and did assume the risk of all loss, injury and damage by fire and in consideration of the lease did agree by the terms of the lease to indemnify and save the defendant harmless from all liability for damages by fire however the same might originate, or to whatever cause the same might be attributable; and therefore the defendant says that the plaintiff released the defendant and agreed to save and keep harmless the defendant from all demands and causes of action set forth in the said counts of said declaration, and this the defendant is ready to verify. The twelfth plea is substantially the same as the fourteenth.

The fifth additional plea is to the ninth, the tenth and the first and second additional counts. It avers that the close of plaintiff, referred to in said counts, was only held by plaintiff as a tenant of defendant by virtue of a lease, pleading the lease and extensions thereof in full as in the fourteenth plea. It then avers the agreement on the part of plaintiff to assume the risk of loss, and damage by fire, and the agreement to indemnify and save the defendant harmless from all liability for damage by fire; that the fire complained of was set out by the servants of defendant while burning the right of way and grounds of defendant and thereby freeing it from dry grass, weeds and other inflammable substances, and that the servants of defendant, when they set out said fire, did so under the belief that it was part of the right of way of defendant, and not knowing that the close had been leased to plaintiff, and that the servants of defendant after setting out said fire thought they had put it out and left said close with said fire entirely extinguished, but that the fire smouldered for to-wit, two days in sawdust that plaintiff had allowed to remain and be on said close, and after two days the fire broke out and was communicated to the buildings, etc., and therefore

defendant says plaintiff ought not to recover for damages suffered as a result of said fire so communicated to the buildings on the close held by plaintiff under said lease; and this it is ready to verify, etc.

The court overruled general demurrers to the twelfth, fourteenth and fifth additional pleas. The plaintiff abiding by his demurrers the court rendered judgment in favor of the defendant, and the plaintiff sued out a writ of error to review that judgment.

EMERY ANDREWS and JAMES VAUSE, JR., for plaintiff in error.

JAMES W. & EDWARD G. CRAIG, for defendants in error; JOHN G. DRENNAN, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The twelfth plea confesses and avoids all the counts in the amended declaration; the fourteenth plea confesses and avoids the first eight counts of the amended declaration, and the fifth additional plea confesses and avoids the last two counts of the amended declaration and the two additional counts—the counts in trespass. The demurrers to these three pleas are general demurrers and if the pleas in substance present a legal defense to the counts to which they are pleaded, then judgment was properly entered in favor of the defendant.

Negligence is the gist of the first eight counts of the declaration. They seek to recover from the defendant because of its negligence in starting a fire to clear the right of way of defendant of inflammable material or for the negligence of defendant in negligently failing to watch said fire after it was started so that it spread and burned the property of plaintiff.

The trespass counts charge the defendant with entering the premises of plaintiff and starting a fire

thereon, which destroyed plaintiff's building and contents. The plea to these counts avers that the servants of the defendant, when they entered the close and set out the fire, did so under the belief that it was a part of the right of way of defendant and without knowing it had been leased to plaintiff, and believing they were burning dry weeds, etc., on the right of way of the railroad as they had been directed to do by the defendant.

All the pleas admit the starting of the fire by the defendant and the destruction of plaintiff's property as stated, but aver that the plaintiff was only in possession of the premises destroyed, by virtue of a lease from the defendant that contains an agreement that plaintiff will exercise the necessary care to protect his buildings and property from fire and indemnify and save defendant harmless from all liability for damages by fire however the fire may originate, the risk of which is assumed by plaintiff.

Plaintiff contends that such an agreement is illegal and void as against public policy. It is not alleged in the counts in case that the fire was started with the intent or purpose of burning the premises of plaintiff, but only that defendant was negligent in burning the dry grass and weeds, and the plea to the trespass counts avers the fire was started for the lawful and legitimate purpose of destroying the dry grass and weeds on the defendant's right of way; hence what would be the effect of such a contract if a criminal intent had been present is not involved.

The courts of this state have held contracts of railroad companies to be legal and valid, where there was much more reason for holding them invalid and against public policy than there is in the present contract. In C. R. I. & P. Ry. Co. v. Hamler, 215 Ill. 525, it was held that a contract of employment as a porter for a sleeping car company, which releases the railroad company over whose lines the cars are hauled from

liability for any injury to the porter when on such lines, is not against public policy, and such a contract is a good defense to an action for any negligence short of wilful or intentional negligence. The same rule is held with respect to a contract with an express company. Blank v. I. C. R. R. Co., 182 Ill. 332. Contracts similar to the contract in question have been held valid and not against public policy. Osgood v. Central Vermont R. R. Co., 70 L. R. A. (Vt.) 930; Mann v. Pere Marquette R. R. Co., 135 Mich. 210; Griswold v. I. C. R. R. Co., 90 Iowa 265; Northern Pacific R. R. Co. v. McClure, 47 L. R. A. (N. D.) 149; Thomas v. Hannibal & St. J. R. R., 82 Mo. 538; Russel v. Pittsburg R. R. Co., 157 Ind. 315; Quirk Milling Co. v. M. & St. P. Ry. Co., 98 Minn. 22; Stephens v. Southern R. R. Co., 109 Cal. 86; C. N. O. & T. P. Ry. Co. v. Saulsbury, 90 S. W. R. (Tenn.) 624; Mansfield M. Ins. Co. v. C. C. C. & St. L. Ry. Co., 74 Ohio St. 30; M. K. & T. Ry. Co. v. Carter, 68 S. W. R. (Tex.) 159; Hartford Fire Ins. Co. v. C. M. & St. P. Ry. Co., 70 Fed. R. 201. The contract was in the nature of an insurance against losses occasioned by the negligence of defendant or its servants. A common carrier may obtain insurance against such losses or may by stipulation with the owner of goods carried have the benefit of such insurance procured by the owner. Phoenix Ins. Co. v. Erie Transportation Co., 117 U. S. 312; Wager v. Providence Ins. Co., 150 U. S. 99.

Plaintiff was not under any obligation to erect the building on the premises leased by him from defendant until he secured from defendant the lease which gave him the right and obligated him to erect it. He could not compel the defendant to permit him to erect the warehouse on its grounds (Missouri P. R. R. Co. v. Nebraska, 164 U. S. 403), and the defendant in giving a lease of part of its land had the right by contract to protect itself from liability and the indemnity to defendant against damages by fire is a part of the

consideration for the granting of the lease. We see no good reason why the defendant might not protect itself by contract against damages by fire resulting from its negligence, since it was not contracting for anything prohibited by law or conflicting with its duty as a common carrier. What the defendant might have refused to permit to be done, it may permit to be done on such terms as it can make by contract without violating the law. The court properly overruled the demurrers to the twelfth and fourteenth pleas.

The plea to the trespass counts admits an entry by defendant upon the close of plaintiff, but denies any intentional trespass and avers plaintiff held said close only as tenant of defendant. It avers that the unintentional entry on the close occurred through the negligence of the employes of defendant, who were only authorized to clear the right of way of inflammable matter. That is an act which section sixty-three of the railroad and warehouse act required the defendant to perform. The plaintiff in the lease agreed to exercise such care and caution and take such precautions as shall adequately protect the building thereon with its contents against all danger by fire. The plea avers that the employes of defendant, after setting out said fire, thought they had put it out and left said close with the fire entirely extinguished, but that it smouldered for, to-wit, two days in sawdust and other inflammable material that plaintiff had allowed to be and remain on said close, and that the fire broke out and was communicated to the building, etc. The plaintiff negligently permitted sawdust and dry weeds to be and remain on the close leased by it, which was part of the right of way of defendant, and the employees of defendant by mistake and without any breach of the peace entered and undertook to destroy the inflammable material dangerous to the safety of plaintiff's property and negligently failed to entirely extinguish the fire. The act the defendant did was one plaintiff

had obligated himself to defendant to perform, and that the statute requires shall be done by the defendant.

In 28 Am. & Eng. Encyc. of Law, 557, the rule announced is: "The mere absence of wilfulness is so little material to the constitution of trespass that, in general, nothing short of unavoidable accident will excuse, and the want of intention to do the particular injury caused, or any injury whatever, will not avail the defendant if the act was an illegal or mischievous one, or a lawful act done in a careless or improper manner, from which injury to third persons may possibly result. But if there be negligence by both parties, there can be no recovery without showing that the damage was wholly caused by the act of the defendant." And on page 558: "Parties engaged in the prosecution of a lawful act are not liable for an accidental injury occurring during the performance of the act, when due care and precaution have been exercised. * * * But although without the intention to injure, if there be want of ordinary care and skill, even in the performance of a lawful action liability follows. No amount of care will excuse where the act performed is illegal." The demurrer admits the averments of the plea that plaintiff permitted inflammable matter to be on the part of the right of way leased to it, its failure to protect its buildings from the danger by fire resulting therefrom and the averments as to how the fire was started and the unintentional negligence of the defendant. By the averments of the plea there was negligence on the part of plaintiff in neglecting to perform his agreement to adequately protect his building on the leased premises from danger by fire. The law required the defendant to keep its right of way clear of combustible material. In burning the dry grass, etc., on plaintiff's close, it appears to have done in a negligent manner what the law required it to do, and the plaintiff had obligated himself to defendant

to do, and that by his failure to keep his contract he contributed to the injury for which he brings his action. The only damages claimed are those caused by fire; all such damages are released by the terms of the lease. The defendant as a landlord having unintentionally, although negligently, entered his own premises of which plaintiff was a tenant with a limited use, to do what the law required, we are of the opinion the plea of release from damages caused by negligence in starting the fire sets up a good defense to the counts in trespass and there was no error in overruling the demurrer to that plea. The judgment is therefore affirmed.

*Affirmed.*